# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERIC WHEELER,<br><br>    Plaintiff,<br><br> vs.<br><br>KATHLEEN ALISON, et al.,<br><br>    Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART FINDINGS AND RECOMMENDATIONS<br><br>(Document 14) |

Plaintiff Eric Wheeler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed his complaint on May 25, 2012.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 11, 2013, the Court issued Findings and Recommendations that certain claims be found cognizable and the remainder be dismissed.  Specifically, the Court found that Plaintiff's complaint states (1) a claim for excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) a claim for failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrieta, Lowder and Loftis; and (3) a claim

for deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.[1]

The Court further found that the complaint did not state a claim against Defendants Alison or Wu, did not state a claim under the Eighth or Fourteenth Amendment against Defendants Loftis, Lowder or Murrieta, an did not state any other Fourteenth Amendment claim.

The Findings and Recommendations were served on Plaintiff and contained notice that any objections to the Findings and Recommendations were to be filed within thirty days. Plaintiff filed objections on April 1, 2013.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case.  Having carefully reviewed the entire file, including Plaintiff's objections, the Court issues the following additional analysis to address Plaintiff's objections.

**A.**      **Defendant Wu**

Plaintiff does not object to the recommendation that Defendant Wu be dismissed.  The Magistrate Judge's analysis is supported by proper legal analysis and the Court adopts this finding.

**B.**      **Defendant Alison**

Plaintiff objects to the Magistrate's finding that he failed to demonstrate that Defendant Alison acted with deliberate indifference to a known or obvious danger that the alleged staffing decisions may subject him to harm.  In his objections, Plaintiff cites to a 602 he filed on September 7, 2010.  The appeal concerned the lack of staffing and safety issues in Facility G. The 602 was reviewed at the second level by Defendant Alison.

Although Plaintiff cited this 602 in his complaint, it was not immediately clear that it was reviewed by Defendant Alison.  The 602 was part of over 200 pages of exhibits attached to his

---

[1] Service documents for Defendants Ancheta, Duck, Loftis, Lowder, Mui, Murrieta, Neubarth and Ross were forwarded to the United States Marshal for service on March 27, 2013.

complaint.  Upon review of his objections and the specific 602 at issue, the Court finds that Plaintiff has stated a claim against Defendant Alison and modifies the Findings and Recommendations in this regard.[2]

**C.      Fourteenth Amendment Due Process Claims**

The Magistrate Judge concluded that the Eighth Amendment, rather than the Fourteenth Amendment, provided the textual source of Plaintiff's claims of excessive force, failure to protect and deliberate indifference to a serious medical need.  Plaintiff did not cite to a specific, separate due process violation in his complaint.

In his objections, Plaintiff points to allegations in his complaint that Defendants Loftis and Murrieta disclosed inmates' commitment offenses and confidential client/patient mental health information to other inmates and staff.  He contends that staff "intentionally smutted the Plaintiff up" with the inmate who ultimately attacked him.  He also points to his allegations that Defendant Alison failed to train staff in the disclosure of confidential information.  Plaintiff contends that these allegations are sufficient to demonstrate a violation of his substantive due process rights.

As the Magistrate Judge explained, the concept of substantive due process is expanded only reluctantly.  Therefore, if a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.  County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (quotation marks and citation omitted).

To the extent Plaintiff argues that Defendants Lowder, Loftis and Murrieta wrote false rules violations reports, and that this violates his due process rights, his argument fails. Plaintiff's allegation that he received a six month SHU term based on false evidence implicates

---

[2] Plaintiff will be instructed on service by separate order.

3

due process protections.  He makes no claim that he did not receive the minimal procedural protections afforded under <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974), but instead appears to argue that the evidence against him was false.  In this regard, the Supreme Court has instructed that the "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Superintendent v. Hill</u>, 472 U.S. 445, 454-455 (1985).  This assessment does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  <u>Id</u>.

A review of the hearing report attached to Plaintiff's complaint reveals that this standard was met.  Accordingly, the Magistrate Judge's analysis is supported by the proper legal analysis and the Court adopts this finding.

**D.**     **<u>Conspiracy Claim</u>**

Plaintiff objects to the Magistrate Judge's finding that his allegations of a conspiracy were based on speculation and conclusory allegations.  The Court explained that Plaintiff failed to demonstrate a specific agreement between Defendants Loftis, Lowder and Murrieta.

In his objections, Plaintiff explains that his conspiracy claim is based on circumstantial evidence.  He alleges that their acts of (1) giving out his commitment offense; (2) using excessive force against him; and (3) writing false reports, demonstrate their conspiracy to violate his civil rights and cause harm.

Plaintiff's theory is therefore based on his belief that there is no other explanation for Defendants' alleged actions.  He still fails, however, to present *any* evidence of an agreement or meeting of the minds.  <u>Avalos v. Baca</u>, 596 F.3d 583, 592 (9th Cir. 2010); <u>Franklin v. Fox</u>, 312 F.3d 423, 441 (9th Cir. 2001).  Simply because Plaintiff sees no other possible explanation for Defendants' alleged actions does not transform their actions into a conspiracy.  The Magistrate Judge's analysis is supported by the proper legal analysis and the Court adopts this finding.

**E.**      **Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations, filed on March 11, 2013, are adopted in part and modified as stated herein;

2.      This action proceeds on Plaintiff's complaint, filed on May 25, 2012, on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

3.      Plaintiff's other claims fail to state a claim, as stated herein, and are dismissed with prejudice;

4.      Defendant Wu is dismissed from this action; and

5.      The matter is referred the United States Magistrate Judge for further proceedings.


IT IS SO ORDERED.

Dated:   **April 5, 2013**                              **/s/ Lawrence J. O'Neill**
                                        UNITED STATES DISTRICT JUDGE