# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>           Plaintiff,<br><br>     vs.<br><br>ALISON, et al.,<br><br>           Defendants. | 1:12cv00861 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(Document 29) |

Plaintiff Eric Wheeler ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed on May 25, 2012.

On March 11, 2013, the Court issued a screening order finding that the complaint stated the following cognizable claims (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrieta, Lowder and Loftis; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.  By order dated April 8, 2013, the Court ordered that the action also proceed against Defendant Alison on the failure to protect claim.  The remaining claims and Defendants were dismissed.

1

On August 22, 2013, Defendants Murrieta, Lowder, Loftis, Duck and Alison[1] filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition on September 3, 3013. Defendants filed a reply on September 9, 2013, and on September 16, 2013, Plaintiff filed a "counter-motion" to the reply. The motion is deemed submitted pursuant to Local Rule 230(l).

## I.     LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted), cert. denied, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)) (quotation marks omitted); Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465

---

[1] Defendants Ross, Mui, Neubarth and Ancheta have not yet been served. On October 18, 2013, the United States Marshal returned the summons unexecuted as to Defendant Mui. The Court ordered re-service on Defendant Mui October 24, 2013. There is no information on the docket as to the status of service for Defendants Ross, Neubarth or Ancheta.

F.3d 992, 996-97 (9th Cir. 2006); Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

## II. ALLEGATIONS IN PLAINTIFF'S COMPLAINT

A detailed summary of the allegations in Plaintiff's complaint is unnecessary, as Defendants *solely* seek to dismiss the claim for damages against Defendants in their official capacity.[2]

Plaintiff allegations stem from an incident in January 2011, when he was attacked by another inmate and subsequently assaulted by Defendants Duck, Murrieta and Lowder. Plaintiff states an excessive force claim against Defendants Duck, Murrieta and Lowder, a failure to protect claim against Defendants Duck, Murrieta, Lowder, Loftis and Alison, and a deliberate indifference to a serious medical need against Defendants Ross, Mui, Neubarth and Ancheta based on subsequent medical care.

Plaintiff sues Defendants in both their official and individual capacity and requests declaratory and injunctive relief, as well as monetary damages.

## III. DISCUSSION

Defendants seek to dismiss Plaintiff's official capacity claim against them on the ground that the Eleventh Amendment bars suits for money damages against the state.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief," Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010), and it does not bar suits seeking damages against state officials in their personal capacities," Hafer v. Melo, 502 U.S. 21, 30, 112 S.Ct. 358 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003).

---

[2] The gains from this motion appear minimal, especially when viewed in relation to the impact such motions have on the taxed resources of this Court.

3

Therefore, insofar as Plaintiff requests monetary damages against Defendants in their official capacity, his claim should be dismissed.[3]

## IV. FINDINGS AND RECOMMENDATIONS

Based on the above, the Court HEREBY RECOMMENDS that Defendants' Motion to Dismiss for failure to state a claim, filed on August 22, 2013, be GRANTED as to Plaintiff's claim for damages against Defendants in their official capacity.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  A party may file a reply to the objections within fourteen (14) days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 21, 2013**                          /s/ Dennis L. Beck
                                                                      UNITED STATES MAGISTRATE JUDGE

---

[3] In their reply, Defendants argue, for the first time, that the Court should also dismiss Plaintiff's claim for injunctive relief.  While the argument was made in response to statements in Plaintiff's opposition, it is not properly before the Court and will not be addressed.