# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ALISON, et al.,<br><br>　　　　Defendants. | ) 1:12cv00861 LJO DLB PC<br>)<br>)<br>) ORDER PROVIDING DEFENDANT<br>) ANCHETA WITH THE OPPORTUNITY TO<br>) SHOW GOOD CAUSE FOR FAILING TO<br>) WAIVE SERVICE<br>)<br>)<br>)<br>) |

　　　　Plaintiff Eric Wheeler ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action filed on May 25, 2012.

　　　　On March 11, 2013, the Court ordered the United States Marshal to serve process upon Defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on Defendants. If a waiver of service was not returned by a Defendant within sixty days, the Marshal was directed to effect personal service on the Defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

1

On February 10, 2014, the United States Marshal filed a return of service with a USM-285 form showing charges of $128.30 for effecting personal service on Defendant Merle Guzon Ancheta, DDS.  ECF No. 56.  The form shows that a waiver of service form was mailed to Defendant Ancheta on April 3, 2013.

Pursuant to the Court's order, Defendants are required to return the waivers to the United States Marshal and the filing of an answer or a motion does not relieve them of this obligation.  Defendant Ancheta did not return a waiver, which resulted in the execution of personal service on January 23, 2014.

Defendant Ancheta filed his answer on February 12, 2014.

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d)(1).  "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service. . . ."  Fed. R. Civ. P. 4(d)(2)(A).

It appears that Defendant Ancheta was given the opportunity required by Rule 4(d)(1) to waive service, but he failed to return his waiver to the United States Marshal, although he did make an appearance in the action.  The Court shall provide Defendant Ancheta with the opportunity to show good cause for failing to waive service.  If Defendant Ancheta either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed on Defendant Ancheta.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Ancheta may, within **thirty (30) days** from the date of this order, show good cause for failing to waive service; and

2. If Defendant Ancheta either fails to respond to this order or responds but fails to show good cause, the Court shall impose upon Defendant Ancheta the costs incurred in effecting service.

IT IS SO ORDERED.

Dated: __**February 21, 2014**__                    /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE