UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER, | Case No.: 1:12cv00861 LJO DLB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL |
| v. | |
| ALLISON, et al., | (Document 58) |
| Defendants. | |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On March 11, 2013, the Court determined that the action should proceed on Plaintiff's Eighth Amendment claims against Defendants Allison, Duck, Murrieta, Lowder, Loftis, Ross, Mui, Neubarth and Ancheta.

Defendants Allison, Duck, Murrieta, Lowder, Loftis and Neubarth filed an answer on January 14, 2014. Due to differing dates of service, Defendant Ancheta filed an answer on February 12, 2014, and Defendant Ross filed an answer on February 18, 2014. A waiver of service filed on January 14, 2014, indicates that Defendant Mui has been served, though an answer has not yet been filed.

1

On February 11, 2014, Plaintiff filed a motion in which he seeks to disqualify the Attorney General from representing Defendants.  Plaintiff asserts that a conflict of interest exists because the Attorney General's Office has a duty to all citizens of California, including prisoners.  Plaintiff also cites Defendants' motion for reconsideration of the Discovery and Scheduling Order and contends that Defendants suggest that they will not comply with discovery requirements.

Generally, "'courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.'"  Kasza v. Browner, 133 F.3d 1159, 1171 (9th Cir. 1998) (quoting United States v. Rogers, 9 F.3d 1025, 1031 (2d Cir. 1993) (internal quotations omitted)).  Assuming for the sake of argument that Plaintiff has standing to bring the instant motion, Plaintiff's challenge amounts to nothing more than a vague, general argument that the State should not be representing prison guards because prisoners are citizens of California, too.  Plaintiff has not identified any conflict of interest relating to the representation of defendants by Deputy Attorney General R. Lawrence Bragg.

Insofar as Plaintiff suggests that Defendants indicated that they will not turn over discoverable information, Plaintiff misinterprets their motion for reconsideration.  Defendants did not state that they will not comply with the discovery rules, and now that the Discovery and Scheduling Order has been upheld, the Court trusts that Defendants will comply with their discovery obligations.

Plaintiff's motion to disqualify Defendants' counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **February 24, 2014**                    /s/ Dennis L. Beck
                                         UNITED STATES MAGISTRATE JUDGE

2