UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER, | ) Case No.: 1:12cv00861 LJO DLB (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION |
| v. | ) DIRECTING LITIGATION COORDINATOR TO |
| | ) PROVIDE ASSISTANCE |
| ALLISON, et al., | ) (Document 73) |
| Defendants. | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTIONS TO COMPEL |
| | ) (Documents 74 and 77) |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Defendants Allison, Duck, Murrieta, Lowder, Loftis, Neubarth, Ancheta, Ross and Mui have appeared in this action. As a result, the Court issued a Discovery and Scheduling Order on January 17, 2014. The discovery deadline is currently June 16, 2014.

**A.     Motion for Assistance**

On March 14, 2014, Plaintiff filed a motion in which he requests an order directing the Litigation Coordinator at any prison where he may be located to (1) provide assistance in locating witnesses and obtaining their contact information; (2) provide phone service for interviewing his witnesses; and (3) provide internet, fax and email access.

1

Generally, a prisoner proceeding pro se has a range of discovery tools available, including interrogatories, requests for production of documents and requests for admission. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1).

Moreover, it is Plaintiff's burden to prove the elements of his claim and he is not necessarily entitled to assistance simply because he is incarcerated.

In certain situations, an incarcerated plaintiff may be entitled to narrowly-tailored assistance, but such situations require a specific showing of the discovery sought and the need for assistance. Here, Plaintiff has made only a blanket request for assistance and the Court will not grant such relief.

Accordingly, Plaintiff's motion is DENIED.

**B.**     **Motions to Compel**

Also on March 14, 2014, Plaintiff filed a motion to compel Defendants to disclose information that Plaintiff feels should have been included in Defendants' initial disclosures. Plaintiff identifies documents such as personnel files, personnel disciplinary records and confidential inmate sources. However, Defendants' disclosures are limited to documents and other materials that they intend to use in their defense. To the extent Plaintiff believes that he needs this information to support *his* claims, he may request the information through discovery.

Moreover, pursuant to Federal Rule of Civil Procedure 26(e), the parties must supplement or correct the disclosures in a timely manner, and failure to do so may result in the inability to present

such evidence in support of a motion, or at trial. Fed. R. Civ. P. 37(c).  In other words, the sanctions from failure to properly disclose are self-executing.

      Plaintiff filed a similar motion on March 17, 2014, in which he requests that the Court order Defendants to produce information related to confidential inmate sources.  Again, Plaintiff must request this information through discovery requests <u>made to Defendants.</u>  There is no indication that Plaintiff has propounded *any* discovery requests on Defendants.  If Plaintiff requests the information through discovery and finds Defendants' responses to be inadequate, he may file a motion to compel at that time.

      Plaintiff's motions are therefore DENIED.

IT IS SO ORDERED.

Dated:   **March 20, 2014**                    /s/ *Dennis L. Beck*
                                                       UNITED STATES MAGISTRATE JUDGE