UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER, | ) Case No.: 1:12cv00861 LJO DLB (PC) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S MOTION |
| v. | ) TO COMPEL PHYSICAL PRODCUTION OF |
| | ) VIDEO INTERVIEW |
| ALLISON, et al., | ) |
| | ) (Document 98) |
| Defendants. | ) |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983 on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

The action is currently in the discovery phase, with a discovery cut-off date of July 16, 2014.

On May 15, 2014, Plaintiff filed a motion to compel production of a video interview of Plaintiff, taken on January 24, 2011. Defendants opposed the motion on June 4, 2014, and Plaintiff filed his reply on June 16, 2014. The motion is suitable for decision pursuant to Local Rule 230(l).

1

## LEGAL STANDARD

Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

## DISCUSSION

There is no dispute that the video at issue, which was disclosed by Defendants during initial disclosures, is relevant and discoverable. Defendants disclosed the video on March 3, 2014, and stated that the video would be made available to Plaintiff for viewing "consistent with CDCR security procedures which prevent inmates from possessing contraband." Opp. 2. Defendants cited Title 15 of the California Code of Regulations, section 3006(c)(10), which includes "diskettes" in the definition of contraband.

Consistent with their disclosure, Defendants provided a copy of the interview to the Litigation Coordinator at Plaintiff's prior institution on April 18, 2014, but Plaintiff was transferred before he could view the video. Covey Decl. ¶¶ 2-4. On May 23, 2014, Counsel for Defendants, R. Lawrence Bragg, took the video to SATF and Plaintiff viewed the video prior to his deposition. Bragg Decl. ¶ 5. Plaintiff viewed thirty minutes of the thirty-four minute video due to computer issues. Bragg Decl. ¶ 5. Mr. Bragg states that "after receiving assurances from Plaintiff that he has viewed a sufficient portion of the interview to proceed with his deposition," he left a copy of the video with the Litigation Coordinator at SATF so that the entire video could be shown to Plaintiff at a later date. Bragg Decl. ¶5.

Plaintiff does not dispute that he was permitted to watch the majority of the video interview prior to his deposition, or that a copy of the video was left with the Litigation Coordinator. Rather,

Plaintiff takes issue with Defendants' refusal to provide him with a physical copy of the video. He argues that the video, which is apparently on a compact disc, is not a "diskette" as defined under section 3006. Plaintiff argues that Defendants are trying to control his discovery and pre-trial strategies, and that he is entitled "to utilize the evidence . . . in any manner that [he] believes is vital in ascertaining the facts . . ." Reply 2. He states that as of June 12, 2014, he has not been given "access" to the video. Plaintiff requests that the Court authorize him to possess four copies of the video and that he be permitted to mail out copies to possible witnesses.

Despite Plaintiff's desire to have physical possession of the video interview, the Court will not make a determination as to whether it falls within the definition of "diskette." The fact remains that Plaintiff is a prisoner and the Court is not in a position to determine whether Plaintiff should be allowed to have four copies of the video interview in his cell. The Court is aware and sensitive to safety and security concerns within a prison, and is aware that prison officials are in a superior position to make judgments concerning safety and security issues.[1] Griffin v. Gomez, 741 F.3d 10, 21 (9th Cir. 2014) ("Courts are particularly deferential to prison administrators' regulatory judgments, if "[a]ccommodating [a prisoner's] demands would ... impair the ability of corrections officers to protect all who are inside a prison's walls.") (internal citations omitted).

With that said, Plaintiff should be able to view the video as needed because it likely contains relevant and discoverable information. Defendants have made a copy available to the Litigation Coordinator at SATF, and Defendants should ensure that Plaintiff is able view the video as needed, but within reason and under any arrangements security requires.[2] Plaintiff states that he has not had "access" to the video, but given that Plaintiff's main argument concerns actual physical possession, it is unclear whether Plaintiff has been prevented from *viewing* the video.

---

[1] While Plaintiff focuses on the physical definition of diskette, there are likely security concerns related to the actual contents of the Plaintiff's interview.

[2] If necessary, a copy of the video can be sent to the Court if Plaintiff intends to rely on its contents during summary judgment.

Accordingly, as Defendants have (1) permitted Plaintiff to view the video; and (2) provided a copy of the video to the Litigation Coordinator at SATF, Defendants have not failed to make a disclosure under Rule 26(a). Plaintiff's motion is therefore DENIED.

IT IS SO ORDERED.

Dated: **June 18, 2014**                                /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE