# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERIC WHEELER, | ) | 1:12cv00861 LJO DLB PC |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING PLAINTIFF'S |
| | ) | MOTION FOR COURT ASSISTANCE |
| | ) | WITH INMATE AND STAFF WITNESSES |
| vs. | ) | |
| | ) | (Document 94) |
| ALISON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The discovery cut-off is July 16, 2014.

On May 5, 2014, Plaintiff filed a document that he titled as a motion for temporary restraining order. Plaintiff requests Court assistance in obtaining interviews of inmate witnesses and staff at California Substance Abuse Treatment Facility ("SATF"). The Court construes this as a discovery issue and will not analyze it as a motion for a temporary restraining order.

In his May 5, 2014, motion, Plaintiff also indicated that he did not have access to his legal property. The Court ordered Defendants to address the status of Plaintiff's property on May 8, 2014.

On May 16, 2014, Defendants filed a report indicating that Plaintiff had received his property, consisting of four boxes, on May 9, 2014.[1]

On May 20, 2014, the Court ordered Plaintiff to provide additional information as to the inmate witnesses.  Plaintiff filed additional information on June 4, 2014, and Defendants responded on June 18, 2014.  The motion is suitable for decision pursuant to Local Rule 230(l).

## DISCUSSION

Inmates may only correspond with one another if they obtain written authorization from the appropriate prison officials.  Title 15, Cal. Code Regs., § 3139.  Further, the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, and cannot order that Plaintiff be allowed to correspond with his witnesses.[2]  E.g., City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

Since the Court does not have jurisdiction in this action over anyone other than Plaintiff and Defendants, the Court can only make a request to prison officials to facilitate *written* communication.  The Court cannot, and will not, require any personal meetings between inmates and/or SATF staff.

In his motion, Plaintiff states that he requires assistance to interview witnesses, obtain statements and declarations and gather evidence.  He believes that he was moved to Administrative Segregation to prevent him from obtaining the inmate interviews.

In his supplemental briefing, Plaintiff identifies nine inmate witnesses and at least seventeen SATF staff members.

---

[1] Plaintiff disputes that he received all of his property, though this does not appear to have impacted Plaintiff's ability to respond.

[2] For the same reasons, the Court cannot order Plaintiff's institution to provide him with a tape-recorder, telephone access, fax access, email access or interviews lasting for a specific period of time.

*Inmate Witnesses*

As an initial matter, the Court notes that a procedure exists for an inmate to request correspondence with other inmates.  15 Cal. Code Regs. § 3139.  Plaintiff does not state that he made any attempt to request correspondence through the procedure available to him.  To the extent that any of his inmate witnesses are still incarcerated, he should seek assistance through the available procedures.[3]

Plaintiff also lists three other inmates (W. Russell, M. Roger and Trevino) and states that he would like to interview them and determine whether they remember anything else.  Aside from the fact that the Court will not order in-person interviews between inmates, it appears that Plaintiff has already obtained declarations from these inmates related to the events at issue.

Accordingly, the Court will deny Plaintiff's request related to inmate witnesses without prejudice.  If Plaintiff attempts to engage in communications with his potential inmate witness by following the proper procedures outlined above and is denied access or is otherwise not able to effectively communicate with his potential witness, and those communications are necessary to prosecute this cause of action, Plaintiff may renew his motion.  In any renewed motion, however, Plaintiff will need to describe his attempts to avail himself of the process provided above, explain how the process failed him, and elaborate on why the communication with any potential third-party witness is relevant to this cause of action.

*SATF Staff*

Plaintiff lists at least seventeen staff members that he would like to interview.  Again, however, the Court does not have jurisdiction over anyone other than Plaintiff and Defendants, and it cannot force a staff member to submit to an interview or otherwise respond to Plaintiff's

---

[3]  According to the Declaration of Lawrence Bragg, Inmates Schriver and Pierson are no longer listed in the CDCR Inmate Locator.  Their inmate numbers were previously verified with documents filed with this Court.  Bragg Decl. ¶ 4.  Inmates G. Saavedra, G-28236, "EsQuer", E-34001, and Webb, V-39212, are not listed in the CDCR Inmate Locator.  Bragg Decl. ¶¶ 3,5.  Finally, Inmate Mitchell is located in SATF, though his inmate number is P19128.

communication.  Of course, Plaintiff is free to request a declaration from, or talk with, staff members who consent to such a discussion.

Otherwise, to the extent that Plaintiff would like discovery from staff members or any inmates who are no longer incarcerated, he must request a subpoena pursuant to Federal Rule of Civil Procedure 45.  However, such a deposition requires a showing that Plaintiff can pay the associated costs.  If Plaintiff can make an offer of proof regarding the ability to pay, the Court can assist in facilitating it.

## **ORDER**

Based on the above, Plaintiff's motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **June 27, 2014**                          /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE