# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>        Plaintiff,<br><br>   vs.<br><br>ALISON, et al.,<br><br>        Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PROPOUND MORE THAN TWENTY-FIVE INTERROGATORIES ON EACH DEFENDANT<br><br>(Document 103) |

      Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on May 25, 2012, on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

      The discovery cut-off is July 16, 2014.

      On May 21, 2014, Plaintiff filed a motion to serve more than twenty-five interrogatories on each Defendant. Defendants opposed the motion on June 10, 2014, and Plaintiff filed his

reply on June 20, 2014. The motion is deemed suitable for decision pursuant to Local Rule 230(l).

## DISCUSSION

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five, including discrete subparts, per party. The Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories . . . ." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.

The Court will not grant any party leave to serve interrogatories in excess of twenty-five in the absence of information sufficient to allow the Court to scrutinize the request and ensure it is not excessive. Eichler v. Tilton, 2010 WL 457334, at *1 (E.D.Cal. 2010) ("Plaintiff is required to make some showing as to the reasons for his request to propound extra interrogatories, so that the court may make a determination as to the necessity therefor.")

In his motion, Plaintiff seeks leave to propound up to forty additional interrogatories on each Defendant, "should it be required." Mot. 1. Plaintiff explains that at the time he served his requests, he was unaware of the limitations of Rule 33. In their opposition, Defendants correctly noted that Plaintiff failed to provide any reason why additional discovery was needed.

Since the issuance of the January 17, 2014, Discovery and Scheduling Order, Plaintiff has propounded the following interrogatories: four sets to Defendant Duck (totaling eighty-nine questions); two sets to Defendant Allison (totaling twenty-six questions), two sets to Defendant Loftis (totaling thirty-four questions), two sets to Defendant Murrieta (totaling thirty-five questions), one set to Defendant Lowder (twelve questions), one set to Defendant Ross (twelve questions), one set to Defendant Neubarth (twelve questions), and one set to

Defendant Ancheta (eleven questions). Bragg Decl. ¶ 2. With the exception of Defendant Ancheta, who obtained an extension of time to respond, all Defendants responded to the first twenty-five questions. Bragg Decl. ¶ 3. Defendants objected to those beyond twenty-five. Bragg Decl. ¶ 3.

In response to Defendants' objections, Plaintiff filed this motion. Insofar as Plaintiff seeks approval of the interrogatories beyond twenty-five in the discovery already served, the Court will not require Defendants to answer interrogatories in excess of twenty-five. Leave of Court is required *prior* to propounding additional interrogatories and the Court will not retroactively validate the excess interrogatories.

The arguments in Plaintiff's reply do not demonstrate a showing of need for excess interrogatories. Much of Plaintiff's reply is dedicated to his frustration in obtaining sufficient discovery responses from Defendants. Indeed, Plaintiff has filed approximately six motions to compel, five of which are still pending before this Court. Plaintiff does not need additional interrogatories to seek responses to discovery that is currently at issue in pending motions.

Plaintiff also appears concerned that if his motions to compel are granted, supplemental responses may lead to additional questions. If this happens, Plaintiff may, at that time, move the Court for specific relief.

**ORDER**

Therefore, given the numerous pending motions, the large amount of discovery already propounded and Defendants' initial disclosures, the Court DENIES Plaintiff's motion without prejudice.

IT IS SO ORDERED.

Dated:   **June 27, 2014**                             /s/ *Dennis L. Beck*
                                                  UNITED STATES MAGISTRATE JUDGE