# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>            Plaintiff,<br><br>      vs.<br><br>ALISON, et al.,<br><br>            Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES FROM DEFENDANT ROSS<br><br>(Document 105) |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on May 25, 2012, on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

The discovery cut-off is July 16, 2014.

On May 23, 2014, Plaintiff filed a motion to compel Defendant Ross to provide further responses to Plaintiff's first set of interrogatories, numbers 3-12.  Defendant filed an opposition

1

on June 13, 2014.  Plaintiff did not file a timely opposition and the matter is deemed suitable for decision.  Local Rule 230(l).

## LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator.  Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

## DISCUSSION

A.   Interrogatory Number 3:

Please describe in as much detail as possible every policy, procedure, and practice that governs the O.S. sending inmates to outside ENT consultations, surgery, follow-ups at SATF S.P.

*Response*:

Objection. The interrogatory is compound. The interrogatory is vague and ambiguous as to the terms "follow ups of O.S." Without waiving these objections, the policies, procedures and practices are generally set out in Chapter 5.9 of the Division of Correctional Health Care Services Manual. Under Federal Rule of Civil Procedure 33(d), the responding party refers to these written policies and procedures, which are attached hereto.

*Analysis*:

Plaintiff first disagrees with Defendant's characterization of the interrogatory as compound, vague and ambiguous. The Court agrees that many of Plaintiff's interrogatories are compound. However, even though Defendant asserted these boilerplate objections, Defendant went on to provide a response "without waiving" the objections. When a party asserts boilerplate objections and then goes on to provide an answer nonetheless, it creates unnecessary confusion to a pro se Plaintiff. Nor do boilerplate objections suffice to claim a privilege or to shield against the disclosure of discoverable information. Burlington N. & Santa Fe Ry. Co., 408 F.3d 1142, 1149 (9th Cir. 2005); Rogers v. Giurbino, 288 F.R.D. 469, 487 (S.D. Cal. 2012).

Turning to the substantive response provided, Plaintiff objects only because at the time the original response was served, Defendant inadvertently neglected to attach a copy of Chapter 5.9. Four days later, Defendant corrected the mistake and served Plaintiff with a copy. It is unclear whether Plaintiff had a copy at the time he filed the motion to compel, but the four-day delay was not prejudicial.

Plaintiff's motion to compel a further response to Number 3 is therefore denied.

B.   Interrogatory Number 4:

Please answer, identify all officials responsible for formulating, implementing, and monitoring compliance with the policies, procedures and practices described in your responses to Interrogatory #2, #3.

*Response:*

Objection. The interrogatory is compound. Without waiving this objection, the responding party lacks information as to who was responsible for formulating these policies and procedures. On information and belief, all health care personnel employed by the California Department of Corrections and Rehabilitation are responsible for implementing these policies and procedures, and for reporting instances when these policies and procedures are not followed.

*Analysis:*

Plaintiff disagrees with Defendant's objection to the interrogatory as compound. Again, however, while the interrogatory is compound, Defendant went on to provide a response.

Plaintiff also suggests that Defendant Ross "lacks information because there is no SATF institutional policy, training or procedure by Supervisors." Plaintiff believes that Defendant "has to answer to some unknown official at SATF." Mot. 2. However, neither Plaintiff's interpretation of the answer, nor his belief as to what the answer *should* be, render Ross' answer insufficient.

Defendant Ross, a Physician's Assistant, has answered the interrogatory by stating that he does not know who formulates policy and that he believes that all health care personnel employed by CDCR are responsible for implementing policies and reporting violations.

Plaintiff's motion to compel a further response to Number 4 is denied.

C.  Interrogatory Number 5:

Please describe in as much detail as possible the full medical services that you legally can perform on patients as a California licensed Physician Assistant, including whether you can legally provide for the full responsibilities of the course, decisions on the type care and treatment of patients, in CDCR, SATF S.P.

*Response:*

Objection. The interrogatory is vague, ambiguous, overbroad, and unduly burdensome with respect to the terms "full medical services that you legally can perform." The interrogatory further calls for a legal conclusion. Without waiving these objections, under Federal Rule of Civil Procedure 33( d), the responding party refers to the PAC Update, published by the California Physician Assistant Committee, Department of Consumer Affairs, Physician Assistant Board, attached hereto.

*Analysis:*

Plaintiff disagrees with Defendant's boilerplate objections. Again, while the interrogatory is compound, Defendant went on to provide a response.

As with Interrogatory Number 3, Plaintiff's only other objection is based on Defendant's failure to attach the document entitled, "Physician Assistant Scope of Practice," to the original response. Defendant Ross provided the document four days later, and any delay is not prejudicial.

Plaintiff's motion to compel a further response to Number 5 is denied.

D.  Interrogatory Number 6:

Please describe in as much detail as possible the complete circumstances surrounding your examination, including the medical examination of plaintiff on January 19, 2011, in C.T.C. at SATF S.P. and the actions you took, as well as the treatment you provided according to your handwritten medical progress report dated January 19, 2011.

*Response:*

Objection. The interrogatory is compound. Without waiving this objection, the responding party refers to the chart notes, dated January 19, 2011, attached hereto, under Federal Rule of Civil Procedure 33(d).

5

*Analysis:*

Plaintiff contends that the interrogatory is not compound, and that Defendant Ross is evading a response by simply referring to his chart notes. It also appears that the chart notes were not attached to the original response. Plaintiff's January 19, 2011, treatment note is attached to Plaintiff's complaint, however, making any omission harmless.

The Court agrees that the interrogatory, as phrased, is compound. Nonetheless, any further response would be, as Defendant Ross states, simply restating the information in his treatment notes.

Plaintiff's motion to compel a further response is therefore denied.

E.   Interrogatory Number 7:

Please answer this interrogatory #7 with a yes or no. Did you Ross, on January 19, 2011, at 10:20 or there abouts in C. T. C. SATF S .P. after your examination of Plaintiffs head, left thigh, left knee, after the Plaintiff for a MRI, refer the Plaintiff for care, treatment, x-rays, MRI or any type of medical care, treatment to Mercy Hospital 2215 Truxton Ave. Bakersfield, California. If you answer yes to any questions, please describe in as much detail as possible the complete medical treatment, care you referred Plaintiffs head, left thigh, left knee for and to whom.

*Response:*

Objection. The interrogatory is compound. The interrogatory is vague and ambiguous as to the terms "after the Plaintiff for a MRI." Without waiving these objections, the responding party refers to the chart notes, dated January 19, 2011, attached hereto, under Federal Rule of Civil Procedure 33(d).

*Analysis:*

In his motion, Plaintiff states that the phrase is not ambiguous because it reads, "*refer* the Plaintiff for a MRI," not "*after* the Plaintiff for a MRI." A review of Plaintiff's handwritten

interrogatory shows that he did state "refer," though it could easily be confused for "after." Nonetheless, Defendant Ross acknowledges that the objection for vagueness was based on his misinterpretation.

As with Interrogatory Number 6, any further response would simply be a reiteration of his treatment notes, which set forth the treatment plan.

Plaintiff's motion to compel a further response is denied.

F.   Interrogatory Number 8:

Please identify each document, as the term is defined in Federal Rule of Civil Procedure 34(a)(1) that evidences, mentions, or refers to any of your facts stated in your response to interrogatories #2, #3, #5, #6, #7.

*Response:*

Objection.  The interrogatory is compound.  Without waiving these objections, the responding party refers to Chapter 5.9 of the Division of Correctional Health Care Services Manual, the PAC Update, published by the California Physician Assistant Committee, Department of Consumer Affairs, Physician Assistant Board, published in Winter 1999, and Plaintiffs medical records, dated January 19, 2011, attached hereto.

*Analysis:*

Plaintiff believes that Defendant Ross failed to answer this interrogatory, and argues that there are "numerous documents in SATF S.P. C.T.C., medical depart. records, accounting, management, Mercy Hospital, Federal Receivership, California Department of Corrections and Rehab. that Defendant Ross generated on January 19, 2011, after his examination. . ."  Mot. 5.

Having found that Defendant Ross' responses to the above interrogatories were sufficient, the documents listed above are also sufficient.

Plaintiff's motion to compel a further response is denied.

G.      Interrogatory Number 9:

Please state the name, affiliation, title, last known address and last known phone number, e-mail address of each person who has knowledge of any of the facts stated in your response to interrogatories #2, #3, #5, #6, #7.

*Response:*

Objection. The interrogatory is compound. Without waiving these objections, the responding party states: himself, and his supervising physician, Dr. G. Ugwueze.

*Analysis:*

Plaintiff contends that Defendant failed to provide all requested information for Dr. Ugwueze. He also believes that there are numerous people that Defendant failed to name.

Defendant contends that he has identified all witnesses who would have knowledge concerning the interrogatories at issue: himself and his supervisor, Dr. Ugwueze. As an employee of CDCR, Defendant contends that Dr. Ugwueze can be contacted through counsel.

Though Plaintiff may not like Defendant Ross' answer, he has provided a response to the interrogatory and Plaintiff's motion to compel a further response is denied.

H.      Interrogatory Number 10:

Please describe in as much detail as possible any circumstances surrounding all other instances in which you have failed to provide treatment, and/or refused treatment of inmates while working at "CDCR." Include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual failure to provide treatment, including any civil actions, judgments.

*Response:*

Objection. The interrogatory is not calculated to lead to the discovery of admissible evidence, and calls for evidence of other incidents which are not admissible under Federal Rule of Evidence 404. The interrogatory is vague, ambiguous, and overbroad as to the terms "failed

to provide treatment and/or refused treatment of inmates." The interrogatory assumes facts and is argumentative. The interrogatory also violates the privacy rights of other inmates who are not parties to this lawsuit. The interrogatory also seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 370(d). Personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, et. seq., including section 1043. Without waiving these objections, the responding party states: none.

*Analysis:*

Plaintiff again disagrees with each objection, though Defendant Ross offered a response: "none."

Plaintiff disagrees with his response, contending that Plaintiff is aware of at least his own 602 involving Defendant Ross and suggesting that Defendant Ross is perjuring himself. However, Plaintiff's interrogatory specifies "all other instances," implying that Plaintiff is requesting information about instances *other than* his own. Defendant Ross has answered this interrogatory and Plaintiff's motion to compel a further response is denied.

J.     <u>Interrogatory Number 11:</u>

Please identify each person known to you and not otherwise identified in your answers to these interrogatories who has provided any information or assistance of whatever nature or description, relating to any of your answers to these interrogatories.

*<u>Response:</u>*

Objection. The interrogatory is compound. Without waiving this objection, I have responded to these interrogatories with the assistance of my attorney.

*<u>Analysis:</u>*

Plaintiff only disagrees with Defendant's contention that the interrogatory is compound. Defendant Ross provided an answer, despite the objection, indicating that he responded to the interrogatories with the assistance of his attorney.

Defendant has responded to the interrogatory and Plaintiff's motion to compel a further response is denied.

K.     <u>Interrogatory Number 12:</u>

Please identify each person who has made to you sworn or unsworn statements or provided information for affidavits or statements that relate to the allegations made in plaintiff's complaint and state the information provided.

*<u>Response:</u>*

Objection. The interrogatory is vague, ambiguous, and overbroad as to the terms "relate to the allegations made in plaintiff's complaint." Without waiving the above objections, the responding party states: to the best of his recollection, no one.

*<u>Analysis:</u>*

Plaintiff contends that the phrase "relate to the allegations made in plaintiff's complaint" is not vague, ambiguous or overbroad. Plaintiff does not further explain his position. Despite the objections, Defendant Ross answered the interrogatory by stating that he does not believe

that anyone made statements to him regarding Plaintiff's allegations, or provided information for statements or affidavits.

Plaintiff's motion to compel a further response is therefore denied.

## **ORDER**

Pursuant to the above discussion, Plaintiff's motion to compel further responses from Defendant Ross is DENIED.

IT IS SO ORDERED.

Dated: __**June 27, 2014**__              /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE