# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>            Plaintiff,<br><br>      vs.<br><br>ALISON, et al.,<br><br>            Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL WITHOUT PREJUDICE<br>(Documents 107, 108, 112, 118)<br><br>ORDER IMPOSING MEET AND CONFER REQUIREMENT ON PARTIES<br><br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF LOCAL RULE 251 |

   Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint, filed on May 25, 2012, on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

1

The discovery cut-off is July 16, 2014.

Since May 15, 2014, Plaintiff has filed approximately seven motions to compel. The Court has resolved three of those motions and four remain pending. Given the judicial resources that will be necessary to resolve the remaining four motions, the Court finds it necessary to impose the meet and confer requirement on the parties. Local Rule 251(b). Therefore, within thirty (30) days of the date of service of this order, the parties are ordered to meet and confer by letter in a good faith effort to resolve all pending discovery disputes.

If they are unable to resolve the disputes by letter, the parties are ordered to meet and confer by telephone within fourteen (14) days of the prior meet and confer effort. Defendants' counsel shall arrange for the telephone conference with Plaintiff.

In attempting to resolve the discovery disputes, Defendants are reminded that boilerplate objections do not suffice. Moreover, Plaintiff's expectations must be reasonable and he is limited to seeking documents that are within the scope of discovery. Fed. R. Civ. P. 26, 34. Plaintiff is not entitled to engage in a fishing expedition. Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004). It may be necessary for Plaintiff to narrow his requests and/or be more specific as to the information sought.

If, after a good faith attempt, the parties are unable to resolve the remaining disputes, they must file a joint statement regarding the discovery disagreement, in compliance with Local Rule 251(c). The joint statement must include a description of the meet and confer efforts. The Court will provide Plaintiff with a copy of the rule, but Defendants' counsel will bear the burden of preparing and filing the joint statement.

**The parties are reminded that if motions to compel are necessary after meet and confer efforts, and the Court makes a finding that either party did not act in good faith in attempting to resolve the discovery disputes, the Court will impose discovery sanctions**.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties meet and confer in compliance with this order;
2. Plaintiff's motions to compel are DENIED without prejudice; and
3. The Clerk of the Court SHALL send Plaintiff a copy of Local Rule 251.

IT IS SO ORDERED.

Dated:  **July 9, 2014**                               /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE