# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>               Plaintiff,<br><br>     vs.<br><br>ALISON, et al.,<br><br>               Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER DENYING DEFENDANT MUI'S MOTIONS TO COMPEL WITHOUT PREJUDICE<br>(Documents 145 and 146)<br><br>ORDER IMPOSING MEET AND CONFER REQUIREMENT ON PARTIES<br><br>ORDER VACATING DATES IN DISCOVERY AND SCHEDULING ORDER |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint, filed on May 25, 2012, on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

The discovery cut-off was July 16, 2014.

The Court recently imposed the meet and confer requirement on the parties for the numerous pending discovery disputes. Plaintiff's motions to compel were denied without prejudice.

On July 16, 2014, Defendant Mui filed two motions to compel. Counsel states that he attempted to meet and confer with Plaintiff, but staff inadvertently refused to accept collect call charges from Plaintiff when he called counsel on two occasions. Counsel filed the two motions to compel given the July 16, 2014, discovery deadline.

The Court will impose the same meet and confer requirements on the parties in attempting to resolve Defendant Mui's motions to compel. Local Rule 251(b). Therefore, within thirty (30) days of the date of service of this order, the parties are ordered to meet and confer by letter in a good faith effort to resolve all pending discovery disputes.

If they are unable to resolve the disputes by letter, the parties are ordered to meet and confer by telephone within fourteen (14) days of the prior meet and confer effort. Defendant Mui's counsel shall arrange for the telephone conference with Plaintiff.

If, after a good faith attempt, the parties are unable to resolve the remaining disputes, they must file a joint statement regarding the discovery disagreement, in compliance with Local Rule 251(c). The joint statement must include a description of the meet and confer efforts. The Court has provided Plaintiff with a copy of the rule. Defendant Mui's counsel will bear the burden of preparing and filing the joint statement.

**The parties are reminded that if motions to compel are necessary after meet and confer efforts, and the Court makes a finding that either party did not act in good faith in attempting to resolve the discovery disputes, the Court will impose discovery sanctions**.

Given the pending discovery disputes, the Court finds it necessary to VACATE the dates in the January 17, 2014, Discovery and Scheduling Order. The Court will set new dates at the appropriate time.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties meet and confer in compliance with this order;

2. Defendant Mui's motions to compel (Documents 145 and 146) are DENIED without prejudice; and

3. The dates in the January 17, 2014, Discovery and Scheduling Order (Document 45) are VACATED.

IT IS SO ORDERED.

Dated:   **July 18, 2014**                               /s/ *Dennis L. Beck*
                                                    UNITED STATES MAGISTRATE JUDGE