UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>            Plaintiff,<br><br>      v.<br><br>ALISON, et al.,<br><br>            Defendants. | Case No.: 1:12cv00861 LJO DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br>(Document 142)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on May 25, 2012, on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

On July 14, 2014, Plaintiff filed a request for the court to issue an order to the SATF Warden to expedite Plaintiff's legal mail. The Court construes this as a request for injunctive relief and finds the request suitable for decision without an opposition.

1

**DISCUSSION**

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation and quotation marks omitted). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010) (citation omitted). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 129 S.Ct. at 1149 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

In his motion, Plaintiff explains that his legal mail is slow and is impacting his ability to file replies for his numerous motions to compel.[1] He requests that the Court issue an order to Warden S. Sherman to "expedite" his legal mail.

As an initial matter, the Court does not have jurisdiction over Warden Sherman and cannot compel him to take any action. "[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Zenith Radio Corp. v. Hazeltine Research,

---

[1] On July 10, 2014, the Court denied Plaintiff's motions to compel without prejudice and imposed the meet and confer requirement on the parties.

2

Inc., 395 U.S. 100, 110 (1969) (emphasis added); S.E.C. v. Ross, 504 F.3d 1130, 1138-39 (9th Cir. 2007).

More importantly, however, even if the Court had jurisdiction over Warden Sherman, the Court could not provide the requested relief.  This action, which forms the basis of the requirements for injunctive relief, is proceeding on Plaintiff's claims related excessive force and medical care.  The instant motion, however, is related to what he perceives to be unacceptably show mail service at SATF.  Injunctive relief cannot be used for incidents that are not at issue in this action.

### RECOMMENDATION

For these reasons, the Court RECOMMENDS that Plaintiff's motion for injunctive relief DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

   Dated:   **July 18, 2014**                                   /s/ *Dennis L. Beck*
                                                           UNITED STATES MAGISTRATE JUDGE