# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>            Plaintiff,<br><br>    vs.<br><br>ALISON, et al.,<br><br>            Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER REGARDING PLAINTIFF'S REQUEST FOR COURT ORDER<br><br>(Document 155) |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

The action is currently in discovery. On July 10 and 18, 2014, the Court imposed a meet and confer requirement on the parties and denied the pending motions to compel.

On August 20, 2014, Plaintiff filed a motion requesting a Court order to stop Defendants' counsel from receiving information from V. Hampson, the Senior Law Librarian at SATF. According to Plaintiff, he allowed Ms. Hampson to work with Defendants' counsel to obtain

documents that she was unable to locate.  However, Plaintiff now believes that Ms. Hampson advocating against Plaintiff during her communications with counsel.

      Pursuant to Rule 26(c), the Court, for good cause, may grant a protective order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense..."  After reviewing Plaintiff's motion and accompanying declaration, Plaintiff has not made a sufficient showing that a protective order is either appropriate or necessary.  Plaintiff seeks an order prohibiting a party from discussing discovery issues with a non-party, though in this situation, such relief is not warranted.  Plaintiff has consented to allowing Ms. Hampson to discuss discovery issues with Defendants' counsel to *assist* Plaintiff in obtaining documents.  Other than Plaintiff's unsupported conclusions, there is no evidence that Ms. Hampson is taking an adverse position to Plaintiff.  In fact, it appears that Ms. Hampson is helping Plaintiff with his discovery requests.

      If Plaintiff believes that he has not received documents to which he is entitled, whether by virtue of Ms. Hampson's actions or otherwise, he may address the issue first with Defendants' counsel through meet and confer efforts.  If such efforts are not successful, Plaintiff may file a motion to compel as outlined in the Court's July 10 and 18, 2014, orders.

**<u>The parties are reminded that if motions to compel are necessary after meet and confer efforts, and the Court makes a finding that either party did not act in good faith in attempting to resolve the discovery disputes, the Court will impose discovery sanctions.</u>**

IT IS SO ORDERED.

Dated:   **August 25, 2014**           /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE