# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>        Plaintiff,<br><br>  vs.<br><br>ALISON, et al.,<br><br>        Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER REGARDING PLAINTIFF'S<br>MOTION TO COMPEL<br><br>(Document 161) |

      Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on May 25, 2012, on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

      On July 10, 2014, due to the large number of discovery disputes, the Court imposed a meet and confer requirement on the parties.

On October 20, 2014, Plaintiff filed the instant motion to compel. Defendants filed their opposition on November 17, 2014, and Plaintiff filed his reply on December 8, 2014. The Court deems the matter ready for decision pursuant to Local Rule 230(l).

Discovery closed on November 19, 2014.

A. **LEGAL STANDARD**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator. Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.     DISCUSSION**

    1.     <u>Documents Relating to Inmate Yepiz (RFP, Set One, No. 5 and Set Two, No. 3)</u>

Plaintiff requests all documents "that evidence, mention, or refer" to the January 19, 2011, attack on Plaintiff by Inmate Yepiz in Yepiz's C-file, including statements by inmates and staff, CDCR 115 information ("RVR"), "all confidential information, confidential sources," and documents relating to subsequent inmate or staff discipline. ECF No. 161, at 5.

Plaintiff also requests all confidential inmate sources, including names, CDCR # and current location, all confidential statements, including staff documents, relating to the January 19, 2011, incident that are in Yepiz's C-file, Plaintiff's C-file, and "CSATF state prison personnel, staff prison, use of force coordinator, institutional use of force review committee files at SATF SP." ECF No. 161, at 6.

Defendants have produced the non-confidential portions of the Crime Incident Report and the RVRs issued to Inmate Yepiz and Plaintiff. After the September 10, 2014, meeting, Defendants agreed to produce the non-confidential portions of the RVR issued to Inmate Yepiz, including the Investigative Employee Report and any District Attorney referral. Counsel also agreed to check if Inmate Yepiz submitted an appeal concerning the January 19, 2011, incident. Defendants maintained that production of Yepiz's Central File, including the confidential portions of the RVR, would violate Yepiz's privacy rights and endanger the safety and security of the institution, inmates (including Inmate Yepiz and confidential sources) and staff. The parties agreed to submit the confidential portions to the Court for *in camera* review.[1]

Defendants also contend that documents concerning staff discipline are protected by the official information privilege and California law.

---

[1] No motion for *in camera* review has been presented, nor have any documents been provided under seal.

As to all of the confidential documents, Defendants argue that their evidentiary value is slight, and is overcome by the interests of protecting the confidentiality of inmates and staff. Defendants do not dispute that Inmate Yepiz attacked Plaintiff on January 19, 2011.

Plaintiff contends that the requested documents may disclose potential eyewitnesses and potential impeachment material of CDCR staff.  As to Inmate Yepiz, Plaintiff contends that he witnessed the whole incident and has provided statements regarding the incident.  Plaintiff also argues that all of the confidential inmate sources are witnesses and have been released from prison.  He states that each source/witness provided a statement to staff on Plaintiff's behalf.  Finally, Plaintiff argues that the personnel files, including disciplinary reports, may be used to show proof of motive, etc., and for impeachment purposes.

The sole issue appears to be whether responsive documents are confidential.  However, Defendants ask the Court to uphold their objection in a vacuum.  Where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.[2]  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, 2012 WL 1232315, at *6 n.5 (E.D. Cal. 2012) (noting inmates entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, 2012 WL 912746, at *2-3 (E.D. Cal. 2012) (issuing protective order regarding documents containing

---

[2] In civil rights cases brought under federal statutes, questions of privilege are resolved by federal law.  Kerr v. U.S. District Court for the Northern District of California, 511 F.2d 192, 197 (9th Cir.1975), aff'd on procedural grounds, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976).

information which implicated the safety and security of the prison); <u>Orr v. Hernandez</u>, 2012 WL 761355, at *1-2 (E.D. Cal. 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); <u>Womack v. Virga</u>, 2011 WL 6703958, at *5-6 (E.D. Cal. 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

Defendants have not provided the Court with any specific information to permit a balancing of interests. Rather, Defendants submit only general statements in their responses, opposition and the attached declaration of J. Barba. Defendants submitted a privilege log with their opposition to Plaintiff's original motion to compel, but it simply names the documents withheld and cites related privileges. ECF No. 122-1, at 38-43. Moreover, while Defendants state that they will provide documents to the Court for *in camera* review, no documents have been provided. The Court cannot simply accept Defendants' belief that the relevant documents are confidential and should not be produced.

Accordingly, the Court cannot determine whether Defendants' objections should be sustained. Plaintiff's motion is GRANTED IN PART. Defendants must supplement their responses with a privilege log that describes responsive documents <u>with specificity and explains the concerns related to disclosure</u>.

Alternatively, as Defendants have already agreed to produce the documents for *in camera* review, Defendants may submit the documents to the Court for review. Defendants must include a detailed log describing the documents and setting forth their argument as to why the documents should be withheld.

2. <u>Documents Relating to Policies on the Use of Handcuffs (RFP, Set Two, No. 10)</u>

Plaintiff requests all documents, policies, procedures and rules "of handcuffing, restraints of inmates/patients' hands-ankles-feet to their hospital bed on the 5th floor prison medical

inmate ward at Mercy Hospital, Bakersfield, CA, and Corcoran Hospital, Corcoran, CA." ECF No. 161, at 6.

As an initial matter, Defendants point out that Plaintiff's original request for production, which appears to be Number 7 of Set Two, asked only for policies relating to Mercy Hospital. ECF No. 122, at 53. Plaintiff's motion now requests policies for Corcoran Hospital. Plaintiff cannot add to his original discovery request and he is therefore not entitled to information related to Corcoran Hospital.

In responding to the original request related to Mercy Hospital, Defendants provided copies of all policies and procedures concerning security for inmates at medical appointments outside of the institution where inmates are housed. Defendants also indicated documents specific to the 5th floor of Mercy Hospital did not exist.

In their opposition to Plaintiff's original motion to compel, Defendants explained that they located a confidential CDCR Operations Manual Supplement pertaining to Prisoner Transportation, which is not specific to Mercy Hospital. Defendants indicated that they would produce the document, subject to a protective order.

Defendants continue to offer to produce the document, subject to a protective order preventing Plaintiff from disclosing the document to other inmates, and requiring Plaintiff to return all copies of the document to defense counsel at the conclusion of this case.

Plaintiff's current motion is focused on Operations Procedure 314, Non-Secured Hospital Ward Corcoran District Hospital. However, as noted above, Plaintiff's original request did not include Corcoran Hospital.

Plaintiff's motion to compel a further response is DENIED. Defendants have supplemented their response and offer to produce a partially-responsive document. The parties shall submit a proposed protective order to the Court within thirty (30) days.

   3.  <u>Witness Statements in Appeal No. SATF-2-11-00704 (RFP, Set Two, No. 10)</u>

  Plaintiff requests all "confidential inquiry, information-reports by following witnesses questioned: V. Trevino, masters of social work, inmates Schriver, D-55998, Mitchell, P-19128, Pierson, AA-7947, and Siebert, V-61109, in appeal log # SATF-2-11-00704." ECF No. 122, at 56.

  Defendants objected to the request in their original response as requesting information deemed confidential. Defendants state that the request pertains to information provided to CDCR by confidential sources during its investigation of Plaintiff's staff complaint contending that Defendants Duck, Murrieta, Lowder and Loftis utilized excessive force. During the meet and confer process, Defendants agreed to produce the confidential portions to the Court for *in camera* review.

  Defendants continue to maintain that the information is confidential because disclosure would expose the confidential sources to attack. Barba Decl. ¶¶ 12-14 (ECF No. 122-1, at 4-5).

  Plaintiff contends that these individuals witnessed both events- Yepiz's attack and the subsequent interaction with Defendants. Plaintiff states that except for Inmate Mitchell, none of the named inmates remain in custody. Plaintiff also argues that threats of retaliation are not an issue since the inmates provided statements favorable to Plaintiff.

  As discussed in detail above, Defendants have failed to provide sufficient information to permit the Court to balance interests and determine whether the objection should be sustained.[3] Accordingly, Plaintiff's motion is GRANTED IN PART. Defendants must supplement their response with an adequate privilege log that describes responsive documents with specificity and explains the concerns related to disclosure.

  Alternatively, as Defendants have already agreed to produce the documents for *in camera* review, Defendants may submit the documents to the Court for review. Defendants must include

---

[3] Unlike the requests related to Inmate Yepiz, Defendants do not cite to a privilege log for responsive documents.

7

a detailed log describing the documents and setting forth their argument as to why the documents should be withheld.

        4.        <u>Witness Statements in Appeal No. SATF-E-11-02792 (RFP, Set Three, No. 11)</u>

Plaintiff requests all "confidential inquiry, information, reports by inmate witnesses Yepiz, K-36836; Ray, F-64648, in Wheeler's" appeal log # SATF-E-11-02792. ECF No. 122, 6.

In response, Defendants argue that this appeal pertains to allegations of retaliation raised in another action, 1:12-cv-00860 LJO MJS, <u>Wheeler v. Alison, et al</u>. Defendants argue that the appeal is not relevant to this action, and, in any event, contains confidential information.

Plaintiff argues that the appeal is relevant because Defendants and staff gave Inmate Yepiz Plaintiff's confidential information 2010. The appeal contains statements from Inmate Yepiz and Inmate Ray relating to the names of staff and the information revealed. Plaintiff states that both Yepiz and Ray will be called as witnesses in this action and the information is necessary to "examine" their testimony. ECF No. 180, at 19.

This action, however, raises excessive force and failure to protect claims arising from the January 19, 2011, incident. Any information given to Inmate Yepiz prior to the attack is not relevant to this action, especially where Defendants do not dispute the fact that Inmate Yepiz attacked Plaintiff.

Accordingly, Plaintiff's motion to compel a further response is DENIED.

        5.        <u>Documents Related to the Use of Excessive Force</u>

This category requests documents, including staff meeting minutes, memos, reports, e-mails, etc. on the use of excessive force and related staff discipline at SATF from 2006 to 2011. ECF No. 161, at 7.

Defendants object to this request because it was not contained in a formal request for documents. Instead, Plaintiff included the request in his August 12, 2014, meet and confer letter.

Indeed, Plaintiff admits that he included the request in his meet and confer letters, but contends that he was providing clarification and/or more detailed information "on what use of excessive force documents Defendants needed to produce." ECF No. 180, at 20. Plaintiff does not, however, reference a formal request that he is purporting to "narrow" or "clarify."

In reviewing Plaintiff's August 12, 2014, letter, this request appears under the heading of "New Requests for Documents," and is included *after* Plaintiff has submitted his clarification for all of his formal discovery requests. Plaintiff cannot use the meet and confer process to expand his discovery requests.

Accordingly, as this was not a formal discovery request, Plaintiff's motion to compel is DENIED.

6. <u>Post Orders (RFP, Set One, Nos. 1 and 2, RFP, Set Three, Nos. 2 and 3)</u>

This category requests "all documents of SATF SP Facility G, Post Orders and addendums, Second and Third Watch, EOP Floor Officers (all) and Search and Escort Officers, and G-2, G-3 Housing Units." ECF No. 161, at 8.

Defendants first argue that Plaintiff had previously agreed that Post Orders were confidential and would not be produced. As to the substantive request, Defendants argue that the Post Orders are confidential since the production would raise security issues. <u>Rogers v. Emerson</u>, 2013 WL 6383239 (E.D. Cal. 2013). They also argue that the Post Orders are not relevant because Defendants have stated that there were no unstaffed custody positions at Building G-1. Defendants also argue that even under Plaintiff's theory that the Post Orders would help establish that G-1 was understaffed, the Post Orders would only pertain to those officers present, and would not address staff members who were not present or assigned to work at the location.

Plaintiff contends that he never agreed that the Post Orders would not be produced. He believes that the Post Orders are relevant to his failure to protect claims, and to determine

9

whether Defendant Alison adopted a custom or policy of understaffing positions in Building G-1. He contends that three of seven G-1 EOP officers were not in G-1 during the incident on January 19, 2011.

Defendants' September 11, 2014, letter states that a further response would be provided to Numbers 1 and 2, Set One, addressing the use of force, staff supervision and staff shortages at G-1 between January 1, 2009, and January 19, 2011. It also states, "We further agreed that this request would exclude Post Orders." ECF No. 161, at 26. For Numbers 2 and 3, Set Three, Defendants agreed to provide sign-in sheets for mental health staff working at Facility G-1 on January 19, 2011. ECF No. 161, at 27.

Defendants provide a privilege log and the Declaration of J. Barba, which sets forth the reasons why the disclosure of Post Orders would endanger staff and/or other inmates. ECF No. 122, at 10; ECF No. 122-1, at 6.[4]

Plaintiff acknowledges this Court's decision in <u>Rogers v. Emerson</u>, but contends that the Post Orders are relevant nonetheless to his claim against Defendant Alison for failure to protect. However, in light of the fact that Defendants have provided a further response, including information pertaining to staff-shortages and the sign-in sheet for January 19, 2011, and the fact that the Post Orders would not necessarily support Plaintiff's understaffing theory, the Court finds that Defendants' confidentiality objection should be sustained.

Accordingly, Plaintiff's motion to compel is DENIED.

7.  <u>Personnel Files (RFP No. 8, Set One and No. 1, Set Two)</u>

Plaintiff requests "all documents" in the personnel files Defendants Duck, Loftis, Lowder, Murrieta, Alison, Neubarth and Ross, including disciplinary files, evaluations, audits of training, investigations, etc.

---

[4] According to J. Barba, Post Orders contain detailed information concerning the placement of Correctional Officers and the sequence of their assigned duties. If inmates had this information, it would allow the inmate to better anticipate the location and activities of the Correctional Officers.

Defendants first explain that after the September 10, 2014, meeting, counsel understood that, in lieu of production of the personnel files, Defendants would provide further responses which would refer to the existence of any staff complaints asserted against them for the use of excessive force, and the non-confidential portions of any related Incident Reports, so that Plaintiff could determine whether any Defendant engaged in a pattern of excessive force. Pursuant to this understanding, Counsel sent Plaintiff a letter on September 29, 2014, indicating that no staff complaints had been asserted against any Defendant in the five years prior to the January 19, 2011, incident.  ECF No. 161, at 48.

As to the substantive request, Defendants contend that evidence of improper conduct is inadmissible to show that Defendants acted in accordance therewith, and that personnel information is protected under the official information privilege and state law.  Defendants provided a privilege log for the withheld documents.  ECF No. 122, at 43.

Plaintiff appears to believe that since he is not requesting personal information such as dates of birth or social security numbers, that he is entitled to the personnel files.  He contends that the files are relevant to show "history, practice, pattern, violence behavior, bias, intent. . ." ECF No. 161, at 9.  He also believes that the files are relevant for impeachment purposes.

The Court recognizes that information in personnel files is not subject to absolute protection.  Soto v. City of Concord, 162 F.R.D. 603, 614-15 (N.D. Cal. 1995).  However, Plaintiff fails to recognize that Defendants have provided him with the only information that would have been relevant- no staff complaints have been asserted against Defendants for the use of excessive force in the five years prior to the January 2011, incident.  Plaintiff fails to show how *all* of the information contained in Defendants' personnel files is relevant to his claim, which involves a single incident of excessive force on January 19, 2011.  Fed.R.Evid. 401.

Insofar as Plaintiff seeks information to show Defendants' propensity for, and pattern of, using force, he cannot use evidence of other incidents of force to prove that he was subjected to unlawful force on January 19, 2011.  Fed.R.Evid. 404(a)(1).

Accordingly, given Defendants' supplemental response, Plaintiff's motion is DENIED.

8.  Personnel Files of Percipient Witnesses (RFP No. 2, Set Two)

Plaintiff seeks the personnel files, as described in the above request, for all CDCR employees listed as witnesses for the defense.  This includes at least twelve employees.

Defendants objected to the request, contending that the request violates the privacy rights of third party witnesses and requests documents protected under the official information privilege and various California statutes.  Defendants also believe that the request is a fishing expedition during which Plaintiff hopes to uncover salient information to improperly impeach defense witnesses regarding prior bad acts.  Defendants provided a privilege log for the documents withheld.  ECF No. 122, at 47.

Plaintiff argues that the documents are necessary for "history, practice, pattern, violence behavior, bias, use of excessive force, intent. . ."  ECF No. 161, at 9.  He also believes that the files are relevant for impeachment purposes and to demonstrate a "code of silence," i.e., officers covering up for each other.

Plaintiff makes no claim that any information in the personnel files of Defendants' witnesses would be relevant to the claims in this action.  Rather, Plaintiff would like to examine their entire files in hopes of revealing something that he may use for impeachment purposes. The Court does not need a detailed privilege log to determine that any relevance would be greatly outweighed by the confidentiality issues.  Plaintiff has not provided anything other than his speculation as to what the files may or may not contain, and this is not sufficient to overcome the privacy issues for the third party witnesses.  The Court also notes that the information

Plaintiff hopes to uncover would not be proper impeachment evidence. Fed.R.Evid. 404(a) and (b)(1).

Accordingly, Plaintiff's motion is DENIED.

9. Pepper Spray Information

Plaintiff requests documents from the SATF Armory related to canisters of pepper spray used by Defendants on January 19, 2011, or replacement pepper spray canisters issued to Defendants on January 19, 2011. He also seeks manuals issued by CDCR and/or the distributors of the pepper spray.

Defendants contend that this request was not included in *any* discovery request, formal or informal.

In his reply, Plaintiff states that he included "formal" requests for these documents in all three of his meet and confer letters. ECF No. 180, at 27. The Court located a request for Armory Documents in Plaintiff's September 21, 2014, letter. ECF No. 161, at 31-32. Plaintiff does not cite any formal request in connection with his document description. Nonetheless, a request in a meet and confer letter is not a proper discovery request where it does not appear to be narrowing or further describing a prior, formal request. Plaintiff cannot expand the scope of discovery through the meet and confer process.

Accordingly, as this was not a formal discovery request, Plaintiff's motion to compel is DENIED.

10. Defense Technology

This category seeks documents from "Defense Technology Inc." relating to information, manuals and training on expandable batons, pepper spray canisters, including memos, product safety, recalls, etc.

Again, Defendants contend that his was not included in a formal request for discovery.

Plaintiff argues that he included this request in his meet and confer letters, as well as in a letter to the law librarian.

In reviewing Plaintiff's August 12, 2014, letter, this request appears under the heading of "New Requests for Documents," and is included *after* Plaintiff has submitted his clarification, etc. for all of his formal discovery requests. ECF No. 161, at 71. Plaintiff cannot expand his requests during the meet and confer process.

Accordingly, as this was not a formal discovery request, Plaintiff's motion to compel is DENIED.

11.     Daily Information Reporting System (RFP No. 11, Set Four)

Plaintiff requests all documents "of SATF use of force incident tracking data, including daily report data of use of force, Daily Information Reporting System, Daily Activity Report for 2006 through 2011. . ." ECF No. 161, at 10.

Defendants argue that Plaintiff has expanded Request No. 11, in Set Four of his Requests for Production. Indeed, Plaintiff's formal discovery request sought "All documents of SATF S.P. Use of Force incidents tracking data, including daily report date of Use of Force incidents, Coleman audit at SATF S.P for the years 2009, 2010, 2011 and 2012." ECF No. 173, at 15-16.

In response, Defendants cited numerous objections, but then went on to state that after a reasonable inquiry and diligent search, "Coleman audit" documents do not exist. Defendants indicated that they were in possession of numerous documents from the Coleman action, and that they would produce the portions of reports that address SATF. Due to the length of the reports, Defendants indicated that they would only produce the entire report(s) at Plaintiff's expense.

Plaintiff concedes that his formal request was "maybe a little worded different," but states that he cannot clearly identify every detail because of Defendants' failure to produce documents. Nonetheless, Plaintiff states that he made this request in his meet and confer letter of August 22, 2014, where he states that, in reference to No. 11, Set Three, he "will continue to request all

documents" similar to those that are now the subject of this motion to compel. ECF No. 161, at 44. His statement did not include a range of dates.

Therefore, Plaintiff's statement in his letter does not provide more specific information, or narrow, RFP No. 11, Set Three. Instead, as Defendants contend, it expands the scope of the documents request. In fact, he has expanded the request well beyond the scope of relevant information. Plaintiff cannot do this in the meet and confer process and his motion is therefore DENIED.

12. Mental Health Post Orders

Plaintiff requests all mental health staff members' Post Orders for G-1 EOP, G Facility, and personnel files, training, discipline records and evaluations.

Plaintiff contends that this discovery is relevant for "other areas," and explains that statements have been made about where mental health staff members are located during alarms in G-1. ECF No. 161, at 10. He believes that the information is necessary because mental health staff members may be possible witnesses, and the information will be needed for credibility, impeachment and bias issues. In fact, Plaintiff contends that "everyone in the building" may be an eyewitness. ECF No. 180, at 31.

Defendants again contend that these documents have not been the subject of a discovery request, either formal or informal. Defendants also set forth numerous objections that would have been asserted had such a request been made.

Plaintiff concedes that this request was made only in his August 2014, meet and confer letter. Therefore, Plaintiff continues to impermissibly expand the scope of discovery and his motion to compel is DENIED.

13. Mental Health Staff Training Materials

This request seeks "all documents of training manuals, classes, IST, G-1 mental health staff in 2010, 2011, assigned to G-1 EOP." ECF No. 161, at 11.

Defendants again object to this request because it was not included in either a formal or informal discovery request. Defendants also contend that such information would not be relevant as no members of the mental health staff are named as Defendants in this action.

Defendants also acknowledge that this request "resembles" the request in RFP No. 3, Set Four, which requested training materials discussing the use of force on inmates with mental health issues. In responding to that request, Defendants advised Plaintiff that responsive documents do not exist. Plaintiff makes no argument as to why the Court should question Defendants' statement.

Accordingly, Plaintiff's motion is DENIED.

14. <u>Log Books (RFP No. 15, Set Four)</u>

In this request, Plaintiff seeks copies of the Housing Unit Log Book for G-1 Building, G Facility, A Section, B Section, C Section, D Section and the G-1 podium for April 2010 through January 2011.

In response to RFP No. 15, Set Four, Defendants produced the housing unit log books for Facility G-1 generated on January 19, 2011. Defendants argued that additional documents would not led to the discovery of relevant evidence or witnesses, as only the events of January 19, 2011, are at issue.

Plaintiff believes that Defendants production was incomplete, and that they should have produced all five log books for the eleven-month period so that Plaintiff could determine how many use of force incidents involved Defendants. He also contends that the documents "may lead to other discovery items, witnesses, impeachment, bias. . ." ECF No. 180, at 33.

The log books for the entire eleven month period are not relevant, and Plaintiff's only argument for relevancy is based on speculation, i.e., information that he *might* find.

To the extent that Plaintiff argues that Defendants have not produced the log books for each Defendant on the day at issue, Defendant sets forth no arguments to withhold documents for specific Defendants.

Accordingly, Plaintiff's motion is GRANTED IN PART. Defendants shall produce the log books for Defendants Duck and Lowder from January 19, 2011.

15.     Policies Regarding the Use of Force

Plaintiff requests all polices in place over a ten-year period on the use of force, batons and pepper spray at SATF.

Defendants state that this request, as worded, was not included in any discovery request, formal or informal. However, Defendants acknowledge that the request is similar to RFP No. 1, Set One. In response to that request, Defendants provided all non-confidential documents concerning policies on the use of force in effect on January 19, 2011. Defendants state that they do not possess any other relevant, responsive documents.[5]

Plaintiff argues that he is entitled to all ten years' worth of documents because it will show the changes in procedure over the years and that Defendants' were not acting according to procedure on January 19, 2011. Plaintiff also believes that Defendants "failed to mention" that there are thousands of pages in the Coleman and Madrid cases relevant to the use of force. ECF No. 180, at 34.

Plaintiff contends that he requested the use of force documents several times in discovery and in his meet and confer letters. Plaintiff does not point to a specific request that involved a ten-year period, however, and the Court could not locate one. For this reason, Plaintiff's motion is DENIED.

To the extent that Plaintiff suggests that Defendants are withholding documents, he has not provided any basis to question the response. "Mere distrust and suspicion regarding

---

[5] It is not clear whether Defendants are withholding documents as confidential and/or privileged. Defendants cite to a privilege log in their original opposition, though it does not appear to address the use of force policies.

discovery responses do not form a legitimate basis to further challenge responses which are facially legally sufficient; and Plaintiff is entitled neither to continue demanding additional and/or different evidence in support of discovery responses already provided nor to expand the scope of discovery beyond that sought in the initial discovery request." Scott v. Palmer, 2014 WL 6685810, * 3 (E.D.Cal. 2014); Fed.R.Civ.P. 26(g)(1), 33; Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D.Cal. 2013); L.H. v. Schwarzenegger, 2007 WL 2781132, at *2 (E.D.Cal. 2007).

C.     **THE PARTIES' MEET AND CONFER EFFORTS**

After reviewing the parties' meet and confer efforts and their positions in this motion to compel, it appears that Defendants have made a good faith attempt to comply with Plaintiff's discovery requests. Plaintiff's requests, however, routinely go well beyond the scope of permissible discovery, and rather than narrow his requests or accept Defendants' compromises, Plaintiff continues to push forward, unphased by Defendants' offers. Plaintiff also ignored this Court's admonition in the order imposing the meet and confer requirement:

> Moreover, Plaintiff's expectations must be reasonable and he is limited to seeking documents that are within the scope of discovery. Fed. R. Civ. P. 26, 34. **Plaintiff is not entitled to engage in a fishing expedition.** Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004). It may be necessary for Plaintiff to narrow his requests and/or be more specific as to the information sought.

ECF No. 139, at 2 (emphasis added).

The Court also notes that it ordered the parties to file a joint statement, if a motion to compel was necessary. The burden to prepare and file the joint statement was placed on Defendants, but Plaintiff's unilateral filing of this motion suggests that he did not intend to take part in a collaborative effort.

Plaintiff has filed two additional motions to compel since the instant motion. While the Court will not impose sanctions on Plaintiff as this point, he is forewarned that if the same discovery tactics are also apparent in those motions, he may be subject to discovery sanctions.

The motions filed on November 20, 2014, and November 24, 2014, are not fully briefed. Plaintiff may reconsider his positions with respect to the discovery at issue in those motions at any time prior to the filing of Defendants' reply.

**D.     ORDER**

Pursuant to the above discussion, Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

Defendants shall submit supplemental responses, as provided in this order, within thirty (30) days of the date of service of this order.  The parties must also submit a proposed protective order within thirty (30) days of the date of service of this order.

The Court also notes that Plaintiff indicates that he has not received any documents that Defendants agreed to provide in the September 11, 2014, letter.  If this remains the case, Defendants SHALL produce these documents within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 13, 2014**                    /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE