KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
MONICA N. ANDERSON, State Bar No. 182970
Supervising Deputy Attorney General
R. LAWRENCE BRAGG, State Bar No. 119194
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone:  (916) 445-2595
 Fax:  (916) 324-5205
 E-mail:  Lawrence.Bragg@doj.ca.gov
*Attorneys for Defendants*
*Murrieta, Lowder, Loftis, Duck, Ancheta, Neubarth,*
*Ross and  Allison*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **ERIC WHEELER,**<br><br>                                                  Plaintiff,<br><br>             v.<br><br>**KATHLEEN ALISON, et al.,**<br><br>                                                  Defendants. | 1:12-cv-00861-LJO-DLB<br><br>**PROTECTIVE ORDER**<br><br>Judge:         The Honorable Dennis L. Beck<br>Trial Date:   Not Set<br>Action Filed: May 25, 2012 |

    In the course of this litigation, Plaintiff Wheeler has demanded the production of documents in discovery which Defendants contend contain confidential information which, if shared or disclosed, could jeopardize the safety and security of institution(s) operated by the California Department of Corrections and Rehabilitation (CDCR), its employees, inmates, informants and their families, the Defendants, or other individuals.   The Court orders the following to protect the confidentiality of those documents:

    1.    The provisions of this Protective Order apply to the confidential records and information ("confidential material") designated by Defendants and/or CDCR as "Confidential," and those confidential records and information which the Court orders Defendants and/or  CDCR

1

to produce following an *in camera* hearing. The Court-issued Protective Order applies because those documents contain confidential information, which if shared, could jeopardize the safety and security of CDCR institutions, its employees, inmates, informants and their families, the Defendants, or other individuals.

    2.    The confidential material may be disclosed only to the following persons:

        (a) Plaintiff Wheeler, and Wheeler's appointed or retained attorney(s) of record, if any;

        (b) The attorney(s) of record for Defendants and CDCR;

        (c) Any paralegal, secretarial, or clerical personnel regularly employed by counsel for Wheeler, Defendants, and CDCR, who are necessary to aid counsel for Wheeler, Defendants, and CDCR in the litigation of this matter; and

        (d) Court personnel and stenographic reporters necessarily involved in these proceedings.

As Wheeler is an inmate, incarcerated at institutions operated by CDCR, is proceeding in pro per, and claims to be indigent, Wheeler may not disclose confidential material to anyone he claims he has hired and/or employed as a legal assistant, paralegal, secretary, or clerical personnel, absent a further Order from this Court.

    3.    None of the confidential material or information contained within the confidential material shall be shown to, discussed with, or disclosed in any other manner to any other inmate or former inmate, any parolee or former parolee, or any other person not indicated in paragraph 2, unless a written waiver expressly authorizing such disclosure has been obtained from counsel for Defendants and CDCR, who maintains possession and control over the original confidential material.

    4.    No person who has access to the confidential material, as set forth in paragraph 2, shall copy any portion of the confidential material, except as necessary to provide a copy of the confidential material to any other authorized individual listed in paragraph 2, or to submit copies to the Court under seal in connection with this matter.  Any copies made for such purpose will be subject to this order.  A copy of this order must be provided to any individual authorized to access

the confidential material before providing that individual with access to the confidential material.  Plaintiff and counsel for the parties shall maintain a record of all persons to whom access to the confidential material has been provided.   The Court and counsel for Defendants and CDCR may request a copy of such record at any time to determine compliance with the Court's order.

5. Any exhibits or documents filed with the Court that reveal confidential material, or the contents of any confidential material, shall be submitted on purple or pink paper, filed under seal, labeled with a cover sheet bearing the case name and number and the statement:  "This document is subject to a Protective Order issued by the Court and may not be copied or examined except in compliance with that Order."  Documents so labeled shall be kept by the Clerk of this Court under seal and shall be made available only to the Court or counsel of record for the parties.  If any party fails to file confidential material in accordance with this paragraph, any party may request that the Court place the filing under seal.

6. Any argument, discussion, or examination of any witness privy to the confidential material as to any confidential information shall be done *in camera* and any record of such argument, discussion, or examination shall be kept under seal.  Plaintiff Wheeler and counsel for each party shall only discuss in open court the summaries of confidential information as worded by Defendants and/or CDCR contained in any non-confidential record (*i.e.*, the summaries of confidential information as written in the CDCR 1030 Confidential Information Disclosure Forms, informational chronologies, or other non-confidential records).

7. At the conclusion of the proceedings in this case, including any period for appeal or collateral review, or upon other termination of this litigation, Plaintiff Wheeler and counsel for Wheeler, if any, shall destroy all confidential materials and all copies of such material in counsel's possession or return such materials to counsel for CDCR.

8. All confidential material in this matter shall be used solely in connection with the litigation of this matter, or any related appellate proceeding and collateral review, and not for any other purpose, including any other litigation or proceeding.

9. Any violation of this order may result in sanctions by this Court, including contempt, and may be punishable by state or federal law.

10. The provisions of this order shall remain in effect until further order of this Court. The Court will provide counsel for Defendants and/or CDCR an opportunity to be heard should the Court find modification of this order necessary.

IT IS SO ORDERED.

Dated: **January 21, 2015**              /s/ *Dennis L. Beck*
                                          UNITED STATES MAGISTRATE JUDGE