# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>            Plaintiff,<br><br>    vs.<br><br>ALISON, et al.,<br><br>            Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br><br>(Document 175) |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on May 25, 2012, on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

On July 10, 2014, due to the large number of discovery disputes, the Court imposed a meet and confer requirement on the parties.

1

On November 20, 2014, Plaintiff filed the instant motion to compel. Defendants filed their opposition on December 12, 2014, and Plaintiff filed his reply on December 29, 2014. The Court deems the matter ready for decision pursuant to Local Rule 230(l).

Discovery closed on November 19, 2014.

A.    **LEGAL STANDARD**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. 2012).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1.

However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigator.  Therefore, to the extent possible, the Court endeavors to resolve the motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

**B.    DISCUSSION**

    1.    <u>Withdrawn Requests</u>

Plaintiff has withdrawn numerous requests, as explained in his reply, and the Court will therefore not address the withdrawn issues in this order.

To the extent that Defendants have not provided further responses (either previously-agreed upon responses or Court-ordered responses), Defendants are ORDERED to produce the documents within fourteen (14) days of the date of service of this order.

    2.    <u>Defendant Duck- Interrogatory Number 8</u>

*Interrogatory*:

Please describe in as much detail as possible the complete circumstances surrounding all other instances in which you have used a "Meb-Monadock", "O.C. Oleoresin Capsicom Pepper Spray" or other weapon or threatened to do so, while working at "CDCR."  Include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual or threatened application of force.

*Response:*

Objection.  The request is compound, overbroad as to time, and unduly burdensome.  The request is not calculated to lead to the discovery of admissible evidence, and calls for evidence of other conduct which is not admissible under Federal Rule of Evidence 404.

*Ruling:*

During the meet and confer process, Defendants agreed address Plaintiff's concerns as to whether a pattern or practice existed by providing a further response that would include "any Staff Complaints asserted against the custodial defendants concerning claims involving excessive force in the use of a baton or o.c. pepper spray, which occurred between January 19, 2006, and January 19, 2011. . ."  Defendants also agreed to produce the non-confidential portions of the accompanying Incident Reports, identifying any confidential portions of the Incident Reports

that were withheld. If the information disclosed a pattern of excessive force, Defendants agreed to discuss whether documents concerning complaints generated prior to January 19, 2006, would be produced. ECF No. 175, at 49.

Pursuant to their agreement, Defendants informed Plaintiff on September 29, 2014, that no Staff Complaints had been asserted against any Defendants during the above time period. To the extent that Plaintiff now argues that Defendants did not follow-through with their agreement because they did not provide a further response, he is incorrect. While he may not have received the response that he wanted, Defendants provided the response that they agreed to provide.

According to Plaintiff, he believes that this information is relevant to Defendant Duck's "history, patterns, practice, violence, excessive use of force, unnecessary use of force, bias, inconsistent statements, honesty, falsifying documents, credibility and modus operandi." ECF No. 175, at 12. Plaintiff also argues that the request is not compound or overbroad, as it asks "simply about Duck's background circumstances of use of weapons, threats of use of weapons instances while working at CDCR, including any reprimands for misbehavior." ECF No. 193, at 6. Plaintiff also states that he was not asking for Staff Complaints.

Plaintiff again fails to appreciate the scope of discovery. His interrogatory is not limited in any way, and instead seeks the "complete circumstances surrounding all other instances" while Defendant Duck worked at CDCR. Defendant Duck has been a correctional officer since 1990, and the scope of Plaintiff's interrogatory therefore spans twenty-four years. Plaintiff's interrogatory also seeks each and every instance of the use of force, or threat of the use of force, whether or not it resulted in a complaint. While Plaintiff is entitled to discover Defendant Duck's past behavior, the scope of such discovery is far narrower than Plaintiff's request.

The Court partially addressed this issue in its order on Plaintiff's prior motion seeking to compel discovery of Defendants' personnel files. The Court explained:

> However, Plaintiff fails to recognize that Defendants have provided him with the only information that would have been relevant- no staff complaints have been asserted against Defendants for the use of excessive force in the five years prior to the January 2011, incident. Plaintiff fails to show how all of the information contained in Defendants' personnel files is relevant to his claim, which involves a single incident of excessive force on January 19, 2011. Fed.R.Evid. 401.
>
> Insofar as Plaintiff seeks information to show Defendants' propensity for, and pattern of, using force, he cannot use evidence of other incidents of force to prove that he was subjected to unlawful force on January 19, 2011. Fed.R.Evid. 404(a)(1).

ECF No. 183, at 11-12.

Therefore, as the only relevant information would be use of force incidents that resulted in a complaint during a narrow time-period, it appears that Defendants have provided a further response that answers Plaintiff's question. Again, while he may not like the answer, it does not make the further response insufficient.

Plaintiff's motion to compel a further response is DENIED.

2.   <u>Defendant Lowder- Interrogatory Number 7</u>

   *Interrogatory:*

Please describe in as much detail as possible the complete circumstances surrounding all other instances, places before this incident in which you have used a "Meb-Monadock", "O.C. Capsicom Pepper Spray" or other weapon or threatened to do so, while working at "CDCR." Include in your response the circumstances surrounding any review or disciplinary action that occurred after each actual or threatened applications of force.

   *Response:*

Objection. The request is compound, overbroad as to time, and unduly burdensome. The request is not calculated to lead to the discovery of admissible evidence, and calls for evidence of other conduct which is not admissible under Federal Rule of Evidence 404.

*Ruling:*

The same analysis above applies to this interrogatory, and the Court will not repeat it here.

Plaintiff also argues that he knows that Defendant Lowder has a prior action against him in this Court alleging excessive force. However, the fact that Defendant Lowder may have been sued is not relevant to whether he used excessive force against Plaintiff on the date at issue.

Accordingly, Plaintiff's motion to compel a further response is DENIED.

3.  <u>Request for Production Number 8, Set One</u>

*Request:*

All documents, citizen, I/M 602, complaints and any reports or findings relating to complaints for last five years on any of said Defendants.

*Response:*

Objection. The request is vague, ambiguous and overbroad as to the terms "citizen, I/M 602, Complaints," and 'any reports or findings relating to complains for last five years of any of said Defendants." The request is overbroad as to time, unduly burdensome, not calculated to lead to the discovery of admissible evidence, and calls for evidence of other conduct which is not admissible under Federal Rule of Evidence 404. The request seeks information that is deemed confidential under Cal. Code Regs. tit. 15, § 3321, the disclosure of which could: (1) endanger the safety of other inmates and staff of the CDCR, or (2) jeopardize the security of the institution. Additionally, the production of confidential information is improper on the grounds that an inmate shall not have access to information designated confidential. Cal. Code Regs. tit. 15, § 3370(d). To the extent that this request includes personnel files of correctional staff, including staff who are not parties to this action, personnel-related files are subject to the qualified privilege of official information and a federal common law privilege. *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1991). Personnel files are also protected by the

privacy rights of staff, including federal common law and applicable California statutes including Penal Code sections 832.7, 832.8, Government Code section 6254 and Civil Code sections 1798.24 and 1798.40 and California Code of Regulations Title, 15 section 3400. Personnel files also are protected under California Evidence Code section 1040, et. seq., including section 1043.

*Ruling:*

Plaintiff believes that he is entitled to responsive documents because they may support a pattern or practice or provide impeachment materials. Plaintiff also states that he is aware of at least two lawsuits filed against Defendant Lowder.

Again, however, Plaintiff is not entitled to limitless discovery. This request is neither limited in time or subject matter, and it is unclear what Plaintiff seeks in "citizen, I/M 602, Complaints," and "any reports or findings relating to complains for last five years of any of said Defendants."

As explained above, Defendants have investigated whether any Staff Complaints were filed against Defendants involving the use of a baton, pepper spray, or excessive force for the five year period prior to the event at issue. This would be the scope of relevant information, and Defendants have confirmed that no Staff Complaints were filed against Defendants during that time period.

To the extent that Plaintiff believes that Defendants are being untruthful because he knows of lawsuits filed against Defendant Lowder, any lawsuits are not relevant to Plaintiff's claims.

Plaintiff's motion to compel a further response is DENIED.

4.  Request for Production Number 1, Set Three

*Request:*

Depositions, declarations, verdicts, settlements, witness testimony that defendants Allison, Murrieta, Lowder, Duck, Loftis, Ross, Neubarth, Ancheta, Mui have given, written, provided, recorded, videos, and participated in as a defendant and/or a witness both in state and federal courts, matters, concerning use of force, excessive use of force, failure to protect, shortage of staff; mental health staffing and custody, deliberate indifference to serious medical needs, overcrowding of CDCR SATF S.P. Corcoran in the last 20 years.

*Response:*

Objection.  The request is overbroad, compound, and unduly burdensome.  The request further calls for the production of public documents which are equally available to the responding party.  Without waiving these objections, Defendant Allison has submitted Declarations in the action entitled Coleman v. Brown, United States District Court, Eastern District of California, No. 2: 90-cv-0520 LKK, dated January 7, 2013, February 11, 2013, March 22, 2013, May 2, 2013, May 23, 2013, and July 24, 2013, which will be produced.  Defendant Allison also provided deposition testimony in the action entitled Coleman v. Brown, United States District Court, Eastern District of California, No. 2: 90-cv-0520 LKK on August 15, 2013, and the transcript of this proceeding will be produced.  The transcript from Defendant Allison's deposition of February 18, 2014, is not yet available.

*Ruling:*

In his motion, Plaintiff argues that Defendants have not turned over the transcripts as promised, though it appears they have subsequently done so.  ECF No. 182-1, at 39.

Plaintiff also raises an issue related to Defendants' failure to disclose prior litigation. Plaintiff argues that (1) Defendants failed to contact the Kings County Superior Court to

determine if any Defendants were involved in state court proceedings; and (2) Defendants failed to disclose the prior action against Defendant Lowder in this Court.

Plaintiff gives no indication why he believes that Defendants should have searched the records of the Kings County Superior Court. Moreover, as previously explained, any past lawsuits are not relevant to Plaintiff's claims.

5. "Category 48"

Plaintiff numerically listed categories of issues in his motion to compel. Number 48 did not refer to a specific interrogatory, but identified documents related Appeal Log 1-SATF-056-4. This appeal relates to an incident involving Defendant Lowder and another inmate, in June 2003. Plaintiff contends that the documents are relevant to show Defendant Lowder's past history of violence, or a pattern or practice of the use of excessive force.

Defendants object to the request because it was not submitted through a formal request for discovery. Plaintiff believes that Request for Production Number 13, which requested all documents of any civil actions and suits against Defendants, covered the requested information.

Regardless of whether Plaintiff's "Category 48" can reasonably be included in a prior request, the requested information is not relevant. The incident Plaintiff seeks occurred in June 2003, almost *eight* years prior to the event at issue in this action. The June 2003 event involving a different inmate is not relevant to show whether Plaintiff was subjected to excessive force on January 19, 2011. Fed.R.Evid. 404(a)(1).

///
///
///
///
///
///
///

**D.    ORDER**

Plaintiff's motion to compel is DENIED.  Plaintiff's request for sanctions is also denied.

However, to the extent that Defendants have not provided further responses (either previously-agreed upon responses or Court-ordered responses), Defendants are ORDERED to produce the documents within fourteen (14) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 21, 2015**                         /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE