# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALISON, et al.,<br><br>        Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER REGARDING DEFENDANTS' MOTION FOR *IN CAMERA* REVIEW<br><br>(Document 190) |

    Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on May 25, 2012, on the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants Duck, Murrieta and Lowder; (2) failure to protect in violation of the Eighth Amendment against Defendants Duck, Murrietta, Lowder, Loftis and Alison; and (3) deliberate indifference to a serious medical in violation of the Eighth Amendment against Defendants Ross, Mui, Neubarth and Ancheta.

    On December 15, 2014, the Court issued a ruling on Plaintiff's motion to compel. As is relevant to this motion, the Court permitted Defendants to submit two documents for *in camera* review: (1) the Confidential Inquiry concerning the Staff Complaint filed by Plaintiff, Log

Number Z-11-00704; and (2) the Confidential Supplementary Report, dated January 26, 2011, concerning Inmate Yepiz and Plaintiff.[1]

## DISCUSSION

A.  Confidential Inquiry concerning Plaintiff's Staff Complaint, Log Number Z-11-00704

In Request for Production, Set Two, Number 10, Plaintiff requests all "confidential inquiry, information-reports by following witnesses questioned: V. Trevino, masters of social work, inmates Schriver, D-55998, Mitchell, P-19128, Pierson, AA-7947, and Siebert, V-61109, in appeal log # SATF-2-11-00704." ECF No. 122, at 56. Plaintiff contends that these individuals witnessed both events- Yepiz's attack and the subsequent interaction with Defendants. Plaintiff states that except for Inmate Mitchell, none of the named inmates remain in custody. Plaintiff also argues that threats of retaliation are not an issue since the inmates provided statements favorable to Plaintiff.

Defendants objected to the disclosure of the Confidential Inquiry because it is confidential under Cal. Code Regs. tit. 15, section 3321, the disclosure of which would endanger the safety of other inmates and staff. Specifically, Defendants argue that production of the confidential portions will expose the confidential sources to attack. Barba Decl. ¶¶ 12-14 (ECF No. 122-1, at 4-5). Defendants also argue that any evidentiary value is slight because Defendants do not dispute that Yepiz attacked Wheeler on January 19, 2011.

The Court has reviewed the document at issue and finds that it can be produced in redacted form. Defendants may replace the names of the witnesses with an alpha or numeric identifier. If, after review, Plaintiff believes that a witness can offer favorable testimony, he may seek the name of the witness.

---

[1] Although the motion for *in camera* review is filed under seal, this order does not disclose information that would require it to be sealed.

B.     Confidential Supplementary Report, Dated January 26, 2011

In Request for Production, Set One, Number 5 and Set Two, Number 3, Plaintiff sought documents related to the January 19, 2011, attack by Inmate Yepiz, including statements by inmates and staff, the Rules Violation Report and all confidential sources.  Plaintiff also requested all confidential inmate sources, etc. relating to the incident in Yepiz's C-file and Plaintiff's C-file.

Plaintiff again contends that the documents may disclose potential eyewitnesses.  He believes that the confidential inmate witnesses have been released from prison, and that each provided a statement on Plaintiff's behalf.

Defendants cite Cal. Code Regs. tit. 15, section 3321 in arguing that the document is confidential.  They also argue that disclosure will violate Inmate Yepiz's privacy and subject Yepiz and the other confidential sources to attack.

The Court has reviewed the document at issue and finds that it can be produced in redacted form.  Defendants may replace the names of the witnesses with an alpha or numeric identifier.  If, after review, Plaintiff believes that a witness can offer favorable testimony, he may seek the name of the witness.

**ORDER**

Defendants SHALL produce the documents at issue, in redacted form as outlined above, within fourteen (14) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **January 27, 2015**            /s/ *Dennis L. Beck*
                                         UNITED STATES MAGISTRATE JUDGE