# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALISON, et al.,<br><br>        Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT MUI'S MOTION FOR SUMMARY JUDGMENT<br><br>(Document 195) |

       Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on May 25, 2012.

       Discovery closed on November 19, 2014.

       On December 4, 2015, Defendant Mui filed a motion for summary judgment. The motion is fully briefed and awaiting decision.

       On December 29, 2014, Plaintiff filed a motion to strike Defendant Mui's opposition, or, in the alternative, to exclude the declarations of William P. Klein, M.D., and William W. Brien, M.D, as well as the attached exhibits from Mercy Hospital. Defendant Mui opposed the motion

1

on January 20, 2015, and Plaintiff filed his reply on January 9, 2015.  The motion is suitable for decision pursuant to Local Rule 230(l).

## **DISCUSSION**

Plaintiff moves to strike Defendant Mui's motion for summary judgment, or, in the alternative, to exclude the declarations of Dr. Klein and Dr. Williams, as well as the documents from Mercy Hospital attached to their declarations.  Defendant Mui subpoenaed the records from Mercy Hospital in May 2014.  Plaintiff believes that Defendant Mui failed to disclose Dr. Klein and Dr. Williams as witnesses, failed to disclose their declarations in discovery, and refused to provide him with copies of the subpoenaed records.

Plaintiff's understanding of the disclosure requirements is incorrect.  He is correct that the Discovery and Scheduling Order required initial disclosures, and that Rule 26(e) requires parties to supplement their disclosures.  However, the disclosure requirements related to expert testimony are different, and are triggered only when (1) the court orders the disclosure, (2) a trial date has been set, or (3) another party has submitted expert evidence.  Fed.R.Civ.P. 26(a)(2)(A)-(D).  These events have not occurred in this case.

Insofar as Plaintiff objects to the hospital records attached to the declarations, the objection is curious given that they are Plaintiff's own hospital records.  Plaintiff seems to object because Defendants refused to produce a copy, but that is not the case.  Plaintiff was given an opportunity to request a copy of the records through Quest Discovery Services for a fee.  If Plaintiff objects to the fee, there is no requirement that he be provided with free documents, and his indigent status does not provide otherwise.

Moreover, Defendant's refusal to produce the records in discovery was justified because, as Defendant Mui stated in his objection, the records are equally available to Plaintiff.

///

///

**<u>ORDER</u>**

Based on the above, Plaintiff's motion to strike is DENIED.

IT IS SO ORDERED.

Dated:   **July 17, 2015**   　　　　　　/s/ *Dennis L. Beck*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE