# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>            Plaintiff,<br><br>     vs.<br><br>ALISON, et al.,<br><br>            Defendants. | 1:12cv00861 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANT MUI'S MOTION FOR SUMMARY JUDGMENT (Document 179)<br><br>THIRTY-DAY OBJECTION DEADLINE |

Plaintiff Eric Wheeler ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint, filed on May 25, 2012, for violation of the Eighth Amendment against numerous Defendants.

On December 5, 2014, Defendant Mui filed a motion for summary judgment.[1] Plaintiff opposed the motion on January 20, 2015, and Defendant Mui filed his reply on January 27, 2015. The motion is ready for decision pursuant to Local Rule 230(l).[2]

---

[1] Defendant provided the requisite notice required by Rand v. Rowland, 152 F.3d 952, 961-963 (9th Cir. 1998).

[2] The remaining Defendants filed a motion for summary judgment on January 20, 2015. The motion is fully briefed and awaiting decision.

1

I.      **LEGAL STANDARD**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendant meets his initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." In re Oracle Corp., 627 F.3d at 387 (citing Celotex Corp., 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505 (1986)).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v.

City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), cert. denied, 132 S.Ct. 1566 (2012).  The Court determines only whether there is a genuine issue for trial, and Plaintiff's filings must be liberally construed because he is a pro se prisoner.  Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

## II.     SUMMARY OF PLAINTIFF'S ALLEGATIONS[3]

Plaintiff is currently incarcerated at Mule Creek State Prison.  The events at issue in this action occurred while Plaintiff was incarcerated at the California Substance Abuse Treatment Facility in Corcoran, California.

Plaintiff alleges that on January 19, 2011, he was assaulted by another inmate.  During the assault, Plaintiff alleges that Defendants Duck, Murrieta and Lowder attacked him.

On January 19, 2011, Plaintiff saw Defendant Ross and complained of severe pain in his jaw, left knee, left thigh and neck.

Plaintiff was transported to Mercy Hospital in Bakersfield, California, and was admitted on January 19, 2011.  He was under the care of Defendant Mui, a doctor at Mercy Hospital, for his left jaw injury.  In the emergency room, Plaintiff told staff that he sustained injuries to his left knee, left thigh and neck, and that he was in severe pain.  A doctor in the emergency room noted these complaints in his reports.  Examination revealed mild swelling of the left knee.  A CT scan of Plaintiff's face showed a mandibular fracture.  An x-ray of Plaintiff's left knee showed a prominent effusion and a non-displaced fracture of the distal femur.

Defendant Mui admitted Plaintiff for his mandibular fracture.  Plaintiff was placed on the fifth floor prison ward, where his left leg was handcuffed to the foot of the bed.  Plaintiff told prison guards and nurses that his left leg was in severe pain, but it remained cuffed to the bed for 44 hours.

---

[3] Only the allegations related to Defendant Mui will be summarized.

On January 20, 2011, Defendant Mui told Plaintiff that a CT of his head showed a left condylar neck fracture. Defendant Mui did not mention knee x-rays and Plaintiff told him again that his left knee and thigh were in severe pain. Defendant Mui said he was not treating the left knee and told Plaintiff that he was admitted only for the mandibular fracture. Plaintiff told him that an emergency room doctor had documented his knee pain and that x-rays were taken, but Defendant Mui would not listen.

On January 21, 2011, Plaintiff was discharged from Mercy Hospital and admitted to the prison infirmary.

In March 2011, Plaintiff requested treatment for his left knee. He underwent a subsequent MRI and was referred to a specialist.

On April 3, 2012, Plaintiff was medically declared permanently mobility impaired. As of March 22, 2012, he was awaiting surgery for a left hernia due to his left knee and thigh injuries.

### III.  UNDISPUTED MATERIAL FACTS[4]

On January 19, 2011, Plaintiff presented to the Emergency Room at Mercy Hospital in Bakersfield, California. ECF No. 1 (Complaint), at 27. Upon arrival, Plaintiff complained of pain in his jaw and left knee. X-rays taken at the prison infirmary prior to his admission showed a mandibular fracture. X-rays of Plaintiff's knee were pending at the time of admission. The x-rays ultimately showed a non-displaced fracture of the distal femur. Klein Decl. ¶ 5(a)-(g), Ex. D at 2-3, 43.[5]

Plaintiff was admitted to Mercy Hospital and was cared for by Defendant Mui.[6] Defendant Mui secured an ENT consultation regarding Plaintiff's mandibular fracture. Klein Decl. ¶ 5(h), Ex. D, 31-32.

---

[4] Plaintiff often attempts to dispute a fact by offering additional facts. However, the additional facts, while perhaps true, do not necessarily contradict Defendant's fact in the first instance.

[5] Plaintiff filed a motion to strike the declarations of Dr. Klein and Dr. Brien. The Court denied the motion by separate order.

[6] There appears to be no dispute that Defendant Mui was acting under color of state law during the time of the events at issue.

Plaintiff underwent a closed reduction of his fractured mandible, with application of anterior dental fixation, on January 20, 2011.  Klein Decl. ¶ 5(j), Ex. D, at 42.

Defendant Mui discharged Plaintiff from Mercy Hospital on January 21, 2011.  Klein Decl. ¶ 5(k), Ex. D, at 1.  Defendant Mui did not render any further care after Plaintiff's discharge.  Klein Decl. ¶ 5(p).

## IV. DISCUSSION

### 1. Legal Standard

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

The existence of an injury that a reasonable doctor would find important and worthy of comment or treatment, the presence of a medical condition that significantly affects an individual's daily activities, and/or the existence of chronic or substantial pain are indications of a serious medical need.  Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

...

2.   Analysis

Defendant Mui first argues that he met the standard of care at all times, and therefore, because deliberate indifference requires something more than even gross negligence, he could not have violated the Eighth Amendment. To support his argument, he submits the declarations of two experts, Dr. Klein and Dr. Brien.

Defendant Mui's argument is misplaced under the facts of this case. While he is correct that even gross negligence does not rise to the level of an Eighth Amendment violation, his argument is not persuasive given Plaintiff's allegation of a complete denial of treatment. His argument attempts to overlook this, and suggests that even though he did not provide treatment, Plaintiff ultimately received appropriate care for a non-displaced fracture, i.e., bed rest and pain medication. Klein Decl. ¶ 5(c). Again, Plaintiff does not claim that Defendant Mui provided improper treatment for his leg fracture, but rather that Defendant Mui refused to provide *any* treatment. In other words, the issue is whether Defendant Mui was deliberately indifferent when he refused care, not whether the fact that Plaintiff was coincidentally on best rest and pain medication for his jaw fracture met the standard of care.

Plaintiff contends that he told Defendant Mui on at least one occasion that he had severe pain in his left knee, thigh and leg, that the Emergency Room doctor had documented this, and that he had x-rays of his left leg. Pl.'s Decl. ¶¶ 10-11. Plaintiff states that Defendant Mui told him that he was not treating his left knee, and that he was only admitted for his mandibular fracture. Pl.'s Decl. ¶¶ 11. According to Plaintiff, Defendant Mui refused to provide treatment and would not listen to Plaintiff. Plaintiff also told Defendant Mui that his leg was cuffed to the bed and that he was in pain, but his leg remained cuffed to the bed. Pl.'s Dep. 176:22-177:18.

Viewing the evidence in the light most favorable to Plaintiff, a genuine dispute of material fact exists as to whether Defendant Mui's refusal to provide treatment for Plaintiff's leg constitutes deliberate indifference.

Defendant Mui does not address Plaintiff's allegations that he refused to provide treatment despite Plaintiff's complaints, nor does he explain why he failed to provide treatment. His suggestion that he met the standard of care because Plaintiff's care coincidentally aligned with general care of a non-displaced fracture is of no consequence.[7]

In his reply, Defendant Mui characterizes Plaintiff's argument as a difference of opinion regarding treatment.  This characterization, however, misstates Plaintiff's argument.  As the Court explained above, this case involves allegations of a complete denial of care.  A difference of opinion assumes that some level of treatment was offered in the first instance.

Finally, Defendant Mui offers a causation argument, suggesting that no act or omission on his part caused or contributed to Plaintiff's injuries and damages.  This argument also misses the mark.  In a 1983 case, "the 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'"  Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).  As to Defendant Mui, Plaintiff claims that his alleged denial of treatment caused him to suffer extreme pain during his hospital stay.  Certainly, a doctor would know that a failure to provide treatment could inflict harm on a patient.  Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002) (the needless suffering of pain may be sufficient to demonstrate further harm).  The causation requirement is therefore met.

The Court therefore finds that a genuine dispute of material fact exists as to whether Defendant Mui's denial of treatment constituted deliberate indifference.

---

[7] In Dr. Brien's declaration, he states that "Dr. Mui also managed the plaintiff's orthopedic condition by prescribing pain medication and the plaintiff was restricted to his hospital bed." Brien Decl. ¶ 6(f). However, given Plaintiff's allegations of a denial of care and the lack of evidence to support a finding that Dr. Mui provided any treatment specific to Plaintiff's leg, a reasonable jury could find that Defendant Mui was deliberately indifferent. Defendant Mui points to a discharge note to suggest that he provided some level of care for Plaintiff's leg, but this note was made in a "nursing discharge summary," and stated "Dr. [at prison] is aware of his leg pain and [that Plaintiff] wants to come back for tx." Brien Decl., Ex. B, at 73. It does not support a finding that Defendant Mui provided any treatment. Indeed, the discharge summary authored by Defendant Mui does not include any treatment for Plaintiff's leg, or refer to his leg in any way.

## V.  FINDINGS AND RECOMMENDATIONS

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendant Mui's motion for summary judgment be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections must be filed within fourteen (14) days from the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 17, 2015**              /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE