# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>        Plaintiff,<br><br>  vs.<br><br>KATHLEEN ALISON, et al.,<br><br>        Defendants. | ) 1:12cv00861 LJO DLB PC<br>)<br>)<br>) ORDER ADOPTING FINDINGS AND<br>) RECOMMENDATIONS AND DENYING<br>) DEFENDANT MUI'S MOTION FOR<br>) SUMMARY JUDGMENT<br>)<br>) (Document 230)<br>) |

      Plaintiff Eric Wheeler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.

      On December 5, 2014, Defendant Mui filed a motion for summary judgment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On July 17, 2015, the Court issued Findings and Recommendations that Defendant Mui's motion be denied. The Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days. Defendant Mui filed objections on August 14, 2015. Plaintiff filed his reply on August 27, 2015.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the entire file, including Defendant's objections and Plaintiff's reply, the Court finds that the Findings and Recommendations are supported by the record and proper analysis.

In the Magistrate Judge's analysis, he explained why Defendant's causation argument failed given Plaintiff's Eighth Amendment allegations of a complete denial of care:

> Defendant Mui's argument is misplaced under the facts of this case. While he is correct that even gross negligence does not rise to the level of an Eighth Amendment violation, his argument is not persuasive given Plaintiff's allegation of a complete denial of treatment. His argument attempts to overlook this, and suggests that even though he did not provide treatment, Plaintiff ultimately received appropriate care for a non-displaced fracture, i.e., bed rest and pain medication. Klein Decl. ¶ 5(c). Again, Plaintiff does not claim that Defendant Mui provided improper treatment for his leg fracture, but rather that Defendant Mui refused to provide any treatment. In other words, the issue is whether Defendant Mui was deliberately indifferent when he refused care, not whether the fact that Plaintiff was coincidentally on best rest and pain medication for his jaw fracture met the standard of care.

ECF No. 230, at 6.

In his objections, Defendant Mui generally repeats his causation argument and this does not present grounds for rejecting the Magistrate Judge's analysis.

Defendant Mui also argues that his circumstances are similar to those of Defendant Neubarth, and that the Court should grant summary judgment in the same way. However, Plaintiff's allegations against Defendant Neubarth did not involve *solely* a complete denial of treatment. Defendant Mui acknowledges as much when he states that Plaintiff's claim against Defendant Neubarth was based, "in part," on a failure to provide treatment. ECF No. 233, at 8. The Magistrate Judge's explanation remains correct:

> In his reply, Defendant Mui characterizes Plaintiff's argument as a difference of opinion regarding treatment. This characterization, however, misstates Plaintiff's

2

argument. As the Court explained above, this case involves allegations of a complete denial of care. A difference of opinion assumes that some level of treatment was offered in the first instance.

ECF No. 230, at 7.

      Accordingly, IT IS HEREBY ORDERED that:

1.      The Findings and Recommendations, filed on July 17, 2015, are adopted in full; and

2.      Defendant Mui's motion for summary judgment (Document 179) is DENIED.[1]

IT IS SO ORDERED.

Dated:   **August 31, 2015**          **/s/ Lawrence J. O'Neill**
                                                           UNITED STATES DISTRICT JUDGE

---

[1] The Findings and Recommendations regarding the remaining Defendants' motion for summary judgment are pending, and Plaintiff has been granted an extension of time within which to file objections. The Court will set this matter for trial once the pending motion for summary judgment is decided.

3