# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>KATHLEEN ALLISON, et al.,<br><br>　　　　　　Defendants. | 1:12cv00861 LJO DLB PC<br><br>ORDER MODIFYING AND ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Document 231) |

　　　　Plaintiff Eric Wheeler ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.

　　　　On January 20, 2015, Defendants Murrieta, Lowder, Loftis, Duck, Ancheta, Neubarth, Ross and Allison filed a motion for summary judgment. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 4, 2015, the Court issued Findings and Recommendations that the motion be granted as to Defendants Murrieta, Lowder, Loftis, Duck, Ancheta, Neubarth and Allison and denied as to Defendant Ross. The Findings and Recommendations were served on the parties and contained notice that any objections were to be filed within thirty (30) days.

1

Defendants filed objections on August 13, 2015, and Plaintiff filed his reply on August 24, 2015.

After receiving extensions of time, Plaintiff filed his objections on October 7, 2015. Defendants filed their reply on October 21, 2015.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, including the parties' objections and replies, the Court modifies the Findings and Recommendations for the reasons that follow.

*Defendant Ross*

The Magistrate Judge found a dispute of fact as to whether Defendant Ross told Plaintiff that he would not receive treatment for his leg injury because he was assaulted by staff.[1]  Given this dispute, and viewing the evidence in the light most favorable to Plaintiff, the Magistrate Judge concluded that if Defendant Ross made such a statement and refused to write a referral for such treatment, a reasonable jury could find that Defendant Ross was deliberately indifferent to Plaintiff's serious medical needs. ECF No. 231, at 24.

However, the Magistrate Judge placed too much emphasis on the impact of Defendant Ross' alleged statement. Even if Defendant Ross told Plaintiff that he would not receive treatment for his leg and other injuries, the undisputed evidence showed that Defendant Ross examined Plaintiff and documented his leg injury. The undisputed evidence also shows that

---

[1] The Court rejects Defendant Ross' argument that Plaintiff's declaration does not create a dispute of fact because it is "self-serving." ECF No. 232, at 5. There may be instances in civil cases where a statement can be disregarded as self-serving, but in light of the fact that Plaintiff is a pro se prisoner, this is not such a case. "[D]eclarations oftentimes will be self-serving - and properly so, because otherwise there would be no point in submitting them." S.E.C. v. Phan, 500 F.3d 895, 909 (9th Cir. 2007) (citing United States v. Shumway, 199 F.3d 1093, 1104 (9th Cir. 1999)) (internal quotation marks omitted). Consequently, in most cases, the self-serving nature of the declaration "bears on its credibility, not on its cognizability for purposes of establishing a genuine issue of material fact." Phan, 500 F.3d at 909 (citing Shumway, 199 F.3d at 1104) (internal quotation marks omitted).

while Defendant Ross believed that Plaintiff's jaw fracture was the most pressing medical need, he also believed that Plaintiff would receive any necessary treatment for his leg injury at Mercy Hospital. Plaintiff argues that Defendant Ross knew that if he didn't refer Plaintiff for treatment of the leg injury, then Plaintiff would not receive such treatment. However, Plaintiff cannot speak to Defendant Ross' state of mind. Defendant Ross also denied telling anyone at Mercy Hospital to deny treatment, and Plaintiff cannot dispute this fact. Indeed, once Plaintiff arrived at Mercy Hospital, his left leg was examined and x-rayed, and physicians diagnosed a non-displaced fracture of the left femur. Given these facts, the undisputed evidence negates a finding that Defendant Ross was deliberately indifferent to Plaintiff's serious medical need.[2]

Based on the above, the Court modifies the Findings and Recommendations to grant summary judgment in favor of Defendant Ross.

*Defendant Neubarth*

Plaintiff's main objection is that the Court impermissibly "weighed the credibility and evaluated the mental state of Neubarth in his favor. . ." ECF No. 46, at 67. Plaintiff is incorrect. The Magistrate Judge properly applied the undisputed facts to the law, and while Plaintiff has his own interpretation of the evidence, it does not mean that the Magistrate Judge erred.

The majority of Plaintiff's arguments are based on his own opinions. For example, Plaintiff states that he and Neubarth "have genuine disputes about [his] underlying medical conditions," but Plaintiff is not qualified to diagnose his medical issues or suggest treatment for those issues. ECF No. 239, at 55.

---

[2] Plaintiff also alleged that Defendant Ross denied treatment for a neck injury, though there is no evidence in the record that Plaintiff suffered such an injury, and Plaintiff did not allege a failure to treat a neck injury once he arrived at Mercy Hospital.

3

*Defendant Ancheta*

As the Magistrate Judge explained in the Findings and Recommendations, Plaintiff's arguments related to Defendant Ancheta's medical care are supported by nothing other than his own opinions. Plaintiff's arguments in his objections continue to be based on his interpretation of the evidence, and do not render the Magistrate Judge's findings incorrect.

*Defendants Murrieta, Lowder, Loftis and Duck*

Plaintiff again argues that the Magistrate Judge erred in "weighing the evidence, credibility. . ."  ECF 239, at 3.

At the heart of Plaintiff's objections is his argument that Defendants used force prior to the issuance of any orders, though he also states that his refusal to comply did not justify the use of force.

The Court has reviewed Plaintiff's arguments, but they do not establish error. Rather, Plaintiff's arguments are based on his interpretation of the evidence. However, even though there may be some disputes of fact, as the Magistrate Judge noted, the disputed facts were not material to the resolution of the legal issues.

Finally, Plaintiff argues that Defendants' counsel intentionally took his deposition testimony out of context, and that the Magistrate Judge accepted this erroneous interpretation. Plaintiff submits pages of his deposition testimony to support his argument that he did not contradict his prior testimony. The Magistrate Judge acknowledged, however, that the parties disputed if and when commands were given. This dispute, though, was not material to the legal issues given the undisputed facts.

*Defendant Allison*

Finally, Plaintiff continues to argue that the Magistrate Judge erred by weighing the evidence and determining credibility, but his argument only shows that he believes that *his*

interpretation of the evidence is correct.  Plaintiff's allegations against Defendant Allison continue to be supported by his own theories and speculation.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on August 4, 2015, are MODIFIED as described above and ADOPTED AS MODIFIED;

2. Defendants' motion for summary judgment (Document 207) is GRANTED; and

3. Judgment is entered IN FAVOR of Defendants Allison, Ancheta, Duck, Loftis, Lowder, Murietta, Neubarth and Ross, and they are DISMISSED from this action.

IT IS SO ORDERED.

Dated: **October 26, 2015**              **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE

5