UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER, | No. 1:12-cv-00861-DAD-DLB |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO ISSUE WITNESS SUBPOENAS |
| BYRON MUI, | |
| Defendant. | (Doc. No. 259) |

Plaintiff Eric Wheeler is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 28 U.S.C. § 1983. Trial is set for March 29, 2016.

On January 7, 2016, plaintiff filed a motion for the court to issue subpoenas commanding various unincarcerated witnesses to testify at trial. Plaintiff also asks for the appointment of an expert. For the reasons set forth below, plaintiff's motion is denied.

I.   Unincarcerated Witnesses

As set out in the second scheduling order in this case, "[i]f a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena." (Doc. No. 243 at 4) (citing Fed. R. Civ. P. 45). Additionally, the party seeking the witness's presence must pay the daily witness fee of $40.00 plus the witness's travel expenses. (*Id.* (citing 28 U.S.C. § 1821).)

Here, plaintiff does not move for the issuance of subpoenas under this statutory procedure. Rather, he relies on Federal Rule of Evidence 614(a), which permits the court to call witnesses on its own motion or at the suggestion of a party. Plaintiff suggests that the court call witnesses to testify at trial who were present at Mercy Hospital during his treatment, as well as treatment providers at the California Substance Abuse Treatment Facility. Plaintiff lists ten individuals, and contends that they can offer testimony at trial about his medical condition and lack of treatment for his leg injuries.

Plaintiff also requests that the court order defendant to advance the payment of fees for these witnesses and suggests that the advanced payments can later be taxed as costs. Indeed, plaintiff appears to rely on Rule 614(a) specifically to transfer the responsibility of witness fee payment to defendant. *See id.* at 3 (citing *United States Marshals Serv. v. Means*, 741 F.2d 1053, 1057–59 (8th Cir. 1984) (holding that as a further incident to the power to call witnesses, a trial court also has the power to order the parties to pay the fees and expenses of a witness called by the court). Plaintiff states that he is "a poor prisoner suing a medical doctor . . . ." (Doc. No. 259 at 3.)

Rule 614(a), however, is not intended to assist a party in carrying its burden of proof where the party cannot, or will not, pay its own witness fees. Rule 614(a), which is rarely invoked in civil trials, does not confer arbitrary and uncontrolled discretion, and "due process requires the judge to remain 'impartial and disinterested.'" *United States v. Alfaro*, 336 F.3d 876, 883 (9th Cir. 2003) (citing *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980)).

As noted above, plaintiff believes that these witnesses could offer testimony about his medical condition and "lack of treatment for leg injuries." (Doc. No. 259 at 2) (emphasis added). In other words, plaintiff wants the court to call witnesses that he believes will offer support for his own position. Rule 614(a) does not permit a court to call witnesses under such circumstances and plaintiff's request will therefore be DENIED.[1]

---

[1] Plaintiff is reminded that he may pay the fees for these witnesses, and the court will provide plaintiff with a calculation of fees if he chooses to do so. Plaintiff is also reminded that if these witnesses will testify voluntarily, no action from the court to secure their attendance is necessary.

II.     Appointment of Expert

Plaintiff next requests that the court appoint an expert under Federal Rule of Evidence 706 "to provide the trier of fact with an unbiased review of plaintiff's injuries, care." (Doc. No. 259 at 2.) In making this request, plaintiff notes that he is an indigent prisoner and faces significant barriers in obtaining an expert witness.

An expert witness may testify to help the trier of fact understand the evidence or determine a fact at issue. Fed. R. Evid. 702. Under Rule 706(a), the district court has discretion to appoint a neutral expert on its own motion or on the motion of a party. Fed. R. Evid. 706(a); *Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706 does not, however, contemplate court appointment and compensation of an expert witness as an advocate for a party to an action. *See Gamez v. Gonzalez*, No. 1:08-cv-01113-MJL-PCL, 2010 WL 2228427, at *1 (E.D. Cal. June 3, 2010) (citation omitted). Appointment of an independent expert under Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice. *See, e.g.*, *In re Joint E. & S. Dists. Asbestos Litig.*, 830 F.Supp. 686, 693 (E.D.N.Y. 1993) (allowing appointment of independent expert in mass tort case).

This case is not such an exceptional case. The medical care issue is not of such complexity that the court requires the assistance of a neutral expert at trial. Plaintiff's request for appointment of an expert on his behalf is therefore DENIED.

IT IS SO ORDERED.

Dated:    **February 10, 2016**                    _____
                                                    UNITED STATES DISTRICT JUDGE