1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ERIC WHEELER,                   No.  1:12-cv-00861-DAD-DLB

12            Plaintiff,

13       v.                     AMENDED PRETRIAL ORDER

14   BYRON MUI,                Telephonic Trial Confirmation Hearing:

15           Defendant.       June 27, 2016, at 3:30 p.m., in Courtroom 5

16                       Motion in Limine Deadline:  July 26, 2016

17                       Motion in Limine Responses: August 9, 2016

18                       Motion in Limine Hearing:
                               August 15, 2016, at 1:30 p.m. in Courtroom 5

19                       Jury Trial:

20                       August 23, 2016, at 8:30 a.m. in Courtroom 5

21

22

23        Plaintiff Eric Wheeler, a state prisoner in this civil rights action, is represented by

24   attorneys Mordecai D. Boone and Daniel H. Solomon of Dentons US LLP.  Defendant Byron

25   Mui is represented by attorney Thomas P. Feher of LeBeau-Thelen, LLP.  Pursuant to Federal

26   Rule of Civil Procedure 16(e), the court now issues its amended final pretrial order.

27   /////

28   /////

I.      SUMMARY

        Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 25, 2012. This action is proceeding against defendant for deliberate indifference to a serious medical need, in violation of the Eighth Amendment of the United States Constitution.  Plaintiff's claim arises out of medical treatment received in January 2011, at Mercy Hospital in Bakersfield, California.

II.     JURISDICTION AND VENUE

        The court has subject matter jurisdiction over this federal civil rights action.  28 U.S.C. § 1331.  Venue is proper because the conduct allegedly occurred in this judicial district.  28 U.S.C. § 1391.

III.    TRIAL

        The parties demand a trial by jury.  Fed. R. Civ. P. 38(b).  The trial of this matter is scheduled to commence at **8:30 a.m. on August 23, 2016** in Courtroom 5 before United States District Judge Dale A. Drozd.

IV.     FACTS

        A.      Undisputed Facts[1]

        1.      At all times relevant to this action, plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("CSATF").

        2.      Plaintiff sustained a mandibular fracture following a physical altercation that took place at CSATF on January 19, 2011.

        3.      Physician Assistant M. Ross examined and interviewed plaintiff on January 19, 2011, in the Triage and Treatment Area of CSATF.

        4.      Plaintiff complained of facial trauma after an assault, as well as severe pain in his jaw, the back of his head, and in his left hip, knee and thigh.  Plaintiff denied experiencing any dizziness or loss of consciousness.

---

[1]  Plaintiff filed objections to defendant's pretrial statement.  In objecting to many of defendant's undisputed facts, plaintiff argues that the treatment of his jaw is not relevant to whether defendant provided care for his leg.  However, defendant's treatment of plaintiff's jaw injury provides the context within which plaintiff alleges a denial of treatment for his leg, and that treatment is therefore relevant to this action.

2

1   5.   Ross did not observe any obvious signs of fracture to plaintiff's left leg.

2   6.   Ross consulted with Dr. Lee, a dentist, who ordered panorex x-rays of plaintiff's

3        jaw.  The x-rays revealed two fractures.  Ross assessed plaintiff as having a

4        fractured mandible and arranged for his transport to Mercy Hospital.

5   7.   On January 19, 2011, plaintiff was taken to the emergency department at Mercy

6        Hospital.  Upon arrival, plaintiff complained of pain in his jaw and left knee, thigh

7        and hip.

8   8.   Plaintiff was initially seen by Christopher Bradburn, M.D.  Dr. Bradburn ordered a

9        CT scan of plaintiff's head and a maxillofacial CT scan.  Dr. Bradbury also

10       arranged for defendant to be assigned as the admitting physician to secure an ENT

11       consultation.

12  9.   The maxillofacial CT scan showed that plaintiff had suffered several jaw fractures.

13       The head CT scan showed no acute findings.

14  10.  While plaintiff was in the emergency room, he received Dilaudid for pain

15       management, as well as anti-nausea medication and an antibiotic.

16  11.  Plaintiff was transferred from the emergency department and admitted to the

17       hospital under defendant's care.

18  12.  X-rays of plaintiff's left knee were pending at the time of admission.  The x-rays

19       ultimately showed a non-displaced fracture of the distal femur.

20  13.  Defendant Dr. Mui took plaintiff's history, reviewed the CT scan results and

21       secured an ENT consult with Dr. Suesberry.

22  14.  On January 20, 2011, Dr. Suesberry performed a closed reduction surgery to repair

23       plaintiff's fractured mandible.

24  15.  On January 21, 2011, defendant Dr. Mui determined that plaintiff was doing well

25       after the surgery and that discharge was appropriate.

26  16.  Plaintiff was discharged from Mercy Hospital on January 21, 2011, and was

27       transported back to the medical facility at CSATF.

28  17.  Defendant did not render further care after plaintiff's discharge.

3

18.     On April 3, 2012, plaintiff was medically declared permanently mobility impaired in his left hip and leg.

B.     Disputed Facts

1.     Whether defendant Dr. Mui told plaintiff that he was not treating his left knee, and that he was admitted only for the mandibular fracture.

2.     Whether defendant refused to listen after plaintiff told him that the emergency room doctor documented his knee pain, and that x-rays were taken.

3.     Whether defendant's alleged conduct rises to reckless indifference as it relates to plaintiff's leg injury during his stay at Mercy Hospital from January 19 through January 21, 2011.

4.     Whether the course of treatment defendant chose was medically acceptable under the circumstances.

5.     Whether defendant's alleged conduct was the legal cause of any of the alleged damages suffered by plaintiff.

6.     Whether defendant knew that his actions or omissions would likely cause plaintiff to face a serious risk of injury, or unnecessary and wanton pain.

7.     Whether or not defendant's actions or omissions constituted negligence, rather than conscious disregard of a serious and excessive risk that plaintiff would be injured or suffer unnecessary pain.

8.     Whether, if plaintiff was injured by defendant's actions or omissions, plaintiff suffered an actual injury of sufficient magnitude to meet the requirements of the Prison Litigation Reform Act.

C.     Disputed Evidentiary Issues[2]

Plaintiff objects to the introduction of evidence related to his current prison sentence, prior convictions and disciplinary record.  Defendant reserves the right to offer evidence regarding

/////

---

[2]  The parties may file motions in limine, addressed in section XX(A)(1), and/or object to the introduction of evidence at trial.

4

1   plaintiff's prior felony sentences, including the felony conviction for which he is currently
2   incarcerated.

3        Plaintiff also objects to introduction of evidence related to the payment of his medical
4   expenses by the California Department of Corrections and Rehabilitation, and whether any
5   monetary award would be paid by the State or through taxpayer funds.

6        Plaintiff further objects to the introduction of testimony relating to medical malpractice,
7   the standard of care and whether defendant's treatment of plaintiff conformed to that standard,
8   medical causation, and medical negligence.  Similarly, he objects to any testimony regarding
9   defendant's state of mind, intent, motive, and reasonable cause.  Defendant has engaged the
10  services of two experts who intend to offer testimony regarding the applicable standard of care,
11  whether defendant's treatment met this standard, and whether any act or omission by defendant
12  caused any of plaintiff's alleged injuries.

13       Additionally, plaintiff requests that the DVD of a January 24, 2011, interview of him
14  related to the use of force against him be admitted as evidence of his leg injury.  Defendant
15  objects to the introduction of the DVD as irrelevant.

16       D.     Special Factual Information
17       None.

18  V.   Relief Sought

19       Plaintiff seeks compensatory damages in the amount of $500,000, general damages in the
20  amount of $100,000 and punitive damages in the amount of $650,000.  He also seeks declaratory
21  relief.[3]

22  VI.  Points of Law

23       A.     Section 1983

24       The Civil Rights Act under which this action was filed provides:

25            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
26            deprivation of any rights, privileges, or immunities secured by the

27  _____

[3] Plaintiff is not confined to the damages amount identified in his amended complaint.  Fed. R.
28  Civ. P. 54(c).

5

1

Constitution . . . shall be liable to the party injured in an action at
law, suit in equity, or other proper proceeding for redress.

2

3   42 U.S.C. § 1983.

4   Section 1983 provides a cause of action for the violation of plaintiff's constitutional by

5   persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir.

6   2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*,

7   297 F.3d 930, 934 (9th Cir. 2002). To prevail on his medical care claim, plaintiff must

8   demonstrate a link between actions or omissions of defendant and the violation of his Eighth

9   Amendment rights; there is no *respondeat superior* liability under section 1983. *Ashcroft v.*

10  *Iqbal*, 556 U.S. 662, 676–77 (2009); *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d

11  1062, 1074–75 (9th Cir. 2013); *Moss v. U.S. Secret Service*, 711 F.3d 941, 967–68 (9th Cir.

12  2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc); *Simmons v.*

13  *Navajo County, Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010).

14  B.   Eighth Amendment Claim- Medical Claim

15  While the Eighth Amendment of the United States Constitution entitles plaintiff to

16  medical care, the Eighth Amendment is violated only when a prison official acts with deliberate

17  indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th

18  Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d

19  1091, 1096 (9th Cir. 2006). Plaintiff must show (1) "a serious medical need by demonstrating

20  that failure to treat [his] condition could result in further significant injury or the unnecessary and

21  wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately

22  indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096).

23  The existence of an injury that a reasonable doctor would find important and worthy of

24  comment or treatment, the presence of a medical condition that significantly affects an

25  individual's daily activities, and/or the existence of chronic or substantial pain are indications of a

26  serious medical need, which is the objective element of an Eighth Amendment claim. *Lopez v.*

27  *Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (citation omitted).

28  /////

Deliberate indifference, which is the subjective element of an Eighth Amendment claim, is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1977); *Snow*, 681 F.3d at 987–88; *Wilhelm*, 680 F.3d at 1122.

Finally, "[a] difference of opinion between a physician and the prisoner – or between medical professionals – concerning what medical care is appropriate does not amount to deliberate indifference." *Snow*, 681 F.3d at 987 (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122–23 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted). However, treatment decisions based on budgetary concerns do not shield prison officials from liability for deliberate indifference. *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986).

C.    Physical Injury Required for Mental and Emotional Damages

The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002). *Accord Pierce v. County of Orange*, 526 F.3d 1190, 1123–24 (9th Cir. 2008). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. *Oliver*, 289 F.3d at 630.

/////

### D.     Punitive Damages

Plaintiff has the burden of proving what, if any, punitive damages should be awarded by a preponderance of the evidence.  Ninth Circuit Model Civil Jury Instructions § 5.5 (2008).  The jury must find that defendant's conduct was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others."  *Smith v. Wade*, 461 U.S. 30, 56 (1986).  Acts or omissions which are malicious, wanton, or oppressive support an award of punitive damages.  *Dang v. Cross*, 422 F.3d 800, 807–08 (9th Cir. 2005).

### E.     Federal Rules of Evidence

Federal Rules of Evidence 608 and 609 provide that evidence of a witness's prior felony conviction or instance of conduct demonstrating a propensity to lie may be used to impeach that witness's testimony.[4]  Federal Rule of Evidence 404(b) provides that evidence of prior crimes, wrongs, or acts cannot be used to prove the character of the person in order to show conduct in conformity with that character trait.  Such prior acts may be admissible for other purposes only, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.  *Id.*

## VII.   Abandoned Issues

The court previously granted summary judgment in favor of defendants Alison, Ancheta, Duck, Loftis, Lowder, Murrieta, Neubarth, and Ross on all claims.  Consequently, these defendants have been dismissed from this action.

## VIII.   Witnesses

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses.  **NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."**  Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

---

[4]  If a conviction is more than ten years old, defendant is required to comply with Federal Rule of Evidence 609(b) if he seeks to impeach plaintiff with his conviction.  *Simpson v. Thomas*, 528 F.3d 685, 690–91 (9th Cir. 2008).

8

A.      Plaintiff's Witness List

1.      Plaintiff Eric Wheeler, CDCR# E-82064

2.      Defendant

3.      Christopher Bradburn, M.D., Mercy Hospital[5]

4.      Arthur Fontaine, M.D., Mercy Hospital

5.      Mercy Visto, M.D., Mercy Hospital

6.      Vicki Takhar, R.N., Mercy Hospital

7.      Eva Ramirez, R.N., Mercy Hospital

8.      Oalia Cano, R.N., Mercy Hospital

9.      Susan Crane, C.N.A., Mercy Hospital

10.     Sing C. Yue, C.H.P., Mercy Hospital

11.     Imelda Humiwat, R.N., Mercy Hospital

12.     J. Delrosario, R.N., CSATF

13.     L. Maravilla, L.C.S.W., CSATF

14.     Winfred Kokor, M.D., Mercy Hospital

15.     T. Garcia, R.N., Mercy Hospital

16.     Zafar Parez, M.D., Mercy Hospital[6]

17.     Julie Farrell, M.D., Shared Imaging

18.     Wilbur Suesberry, M.D., Mercy Hospital

B.      Defendant's Witness List[7]

Defendant intends to call the following witnesses:

1.      Defendant Dr. Mui

---

[5] Plaintiff has not paid witness fees or secured subpoenas for the attendance of *any* witnesses.

[6] Defendant spells the last name as "Parvez."

[7] Defendant is not required to call all of the witnesses listed.  However, as is the court's general practice in cases such as this, witnesses the defense plans to call shall be present on August 23, 2016, by 9:30 a.m. and shall be available for plaintiff to call for direct examination in his case in chief.

9

2.      William P. Klein, M.D.

3.      William W. Brien, M.D.

Additionally, defendant reserves the right to call the following witnesses:

1.      Previously named defendant Ancheta

2.      Previously named defendant Ross

3.      Previously named defendant Neubarth

4.      David G. Smith, M.D.

5.      Arthur Fontaine, M.D., Mercy Hospital

6.      Christopher Bradburn, M.D., Mercy Hospital

7.      J. Rosario, Nurse

8.      T. Byers, P.A.

9.      Clement Ogbuehi, P.A.

10.     J. Munoz, Nurse

11.     Dr. Godwin Ugwueza

12.     Winifred Kokor, M.D., Mercy Hospital

13.     Dr. Olga Beregovskaya

14.     Zafar Parvez, M.D., Mercy Hospital

15.     Mercy Visto, R.N., Mercy Hospital

16.     Vicki Takhar, R.N., Mercy Hospital

17.     Eva Ramirez, R.N., Mercy Hospital

18.     T. Garcia, R.N., Mercy Hospital

19.     Julie Farrell, M.D., Shared Imaging

20.     Oalia Cano, R.N., Mercy Hospital

21.     Susan Crane, C.N.A., Mercy Hospital

22.     Sing C. Yue, C.H.P., Mercy Hospital

23.     Imelda Humiwat, R.N., Mercy Hospital

24.     J. Delrosario, R.N., CSATF

25.     L. Maravilla, L.C.S.W., CSATF

1        26.    Muhammad S Chaudhri, M.D.

2  IX.    Exhibits

3        The following is a list of documents or other exhibits that the parties expect to offer at

4  trial.  **NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE**

5  **ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS**

6  **ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE."**  Fed. R.

7  Civ. P. 16(e); Local Rule 281(b)(11).

8        A.    Plaintiff's Exhibits

9        1.    CSATF DOM Supplement.

10       2.    Excerpts from Plaintiff's May 23, 2014, deposition.

11       3.    Reporter's Certificate signed by Julie Green.

12       4.    Subpoena Duces Tecum to Custodian of Records, Mercy Hospital.

13       5.    Affidavit signed by Custodian of Records, Mercy Hospital.

14       6.    Plaintiff's medical records from Mercy Hospital.

15       7.    Declaration of Custodian of Records, California Department of Corrections and

16             Rehabilitation ("CDCR"), Mule Creek State Prison.

17       8.    Plaintiff's medical records from CDCR.

18       9.    Plaintiff's hand-drawn diagram and written statements of leg injury.

19       10.   March 11, 2011, Health Care Service- Physician's Request for Service, T. Byers.

20       11.   March 11, 2011, Primary Care Provider Progress Note, T. Byers.

21       12.   May 4, 2011, left knee MRI report, Julie Farrell.

22       13.   May 5, 2011, Health Care Service- Physician's Request for Service, Dr. Kokor.

23       14.   January 19, 2012, left knee examination, Dr. Smith.

24       15.   March 18, 2014, CDCR 128B General Chrono, disability left leg.

25       16.   DVD of Plaintiff's January 24, 2011, use of force interview.

26       17.   Title 15 sections regarding Health Care Services – Contracts with Outside

27             Services, Doctors, and Specialists for CDCR inmates.

28  /////

B.  Defendant's Exhibits

1.  Plaintiff's medical records from Mercy Hospital from January 19, 2011, to January 21, 2011.

2.  Plaintiff's billing records from Mercy Hospital from January 19, 2011, to January 21, 2011.

3.  Excerpts of the transcript of plaintiff's deposition, including exhibits attached thereto, as needed.

4.  Excerpts of any and all written discovery requests and responses thereto, served or to be served in this action, as needed.

5.  Excerpts and enlargements of miscellaneous jury instructions.

6.  Excerpts and enlargements of various portions of the medical and/or billing records of plaintiff, as needed.

7.  Excerpts of plaintiff's medical and billing records from CDCR relative to the care and treatment rendered to plaintiff for his alleged injuries arising from the altercation at the prison which took place on January 19, 2011.

8.  All relevant records and evidence of medical history and treatment of plaintiff obtained and/or produced.

9.  Defendant reserves the right to introduce any exhibits identified by plaintiff, and also to introduce other exhibits not listed for purposes of impeachment or rebuttal.

X.  Discovery Documents to be Used at Trial

Plaintiff indicates that he may use defendant's answers to interrogatories and responses to requests for production of documents.

Defendant may use excerpts from plaintiff's deposition transcript, including exhibits attached thereto.  Defendant may also use other relevant discovery and evidence exchanged by the parties.

/////

/////

/////

1    XI.   Further Discovery or Motions

2          Plaintiff has filed motions in limine, and reserves the right to file additional motions in

3    limine.[8]

4          Defendant may file motions in limine, as well as a potential motion for judgment as a

5    matter of law.

6    XII.   Stipulations

7          None.

8    XIII.   Amendments/Dismissals

9          As noted above, defendants Alison, Ancheta, Duck, Loftis, Lowder, Murrieta, Neubarth,

10   and Ross have been dismissed from this action.

11   XIV.   Settlement Negotiations

12         None.  Counsel for defendant shall notify the court whether he believes that a settlement

13   conference prior to trial would be beneficial.

14   XV.   Agreed Statement

15         None.

16   XVI.   Separate Trial of Issues

17         Defendant requests that the punitive damages phase of the trial, if any, be bifurcated.

18   Plaintiff opposes bifurcation.

19   XVII.   Impartial Experts – Limitation of Experts

20         The court has denied plaintiff's request for the appointment of an impartial expert by

21   separate order.

22         Plaintiff believes that the number of experts called by defendant should be limited, and

23   has/will file a motion in limine on the issue.

24   XVIII. Attorney's Fees

25         None.

26

_____

27   [8]  To the extent that plaintiff indicates he may file "late discovery" motions, plaintiff is advised
     that the deadline for the filing of motions related to discovery was November 19, 2014.  (Doc.
28   No. 158.)

XIX.   <u>Trial Exhibits</u>

Defense counsel will retain the exhibits pending a decision on appeal.

XX.   <u>Miscellaneous</u>

A.   <u>Further Trial Preparation</u>

1.   <u>Motions In Limine</u>

a.   <u>Briefing Schedule</u>

Any party may file a motion in limine, which is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (quotation marks omitted). In the case of a jury trial, the court's ruling gives plaintiff and defendant's counsel advance notice of the scope of certain evidence so that admissibility is settled before attempted use of the evidence before the jury. *Id.* at 1111–12 (quotation marks omitted).

Any motion in limine must be served on the other party, and filed with the court by **July 26, 2016**.[9] Any motion in limine must clearly identify the nature of the evidence that the moving party seeks to prohibit the other side from offering at trial.

Any opposition to a motion in limine must be served on the other party, and filed with the court by **August 9, 2016.**

Motions in limine will be heard on **August 15, 2016, at 1:30 p.m.** in Courtroom 5.

The court does not favor the filing of motions in limine addressing evidentiary issues that may not actually arise at trial. Moreover, motions in limine often cannot be ruled upon until other evidence has been admitted at trial and the context for the evidence in question is established. **Accordingly, whether or not a party files a motion in limine, that party may still object to the introduction of evidence during the trial.**

/////

/////

---

[9] Plaintiff previously filed on his own behalf several motions in limine. (*See* Doc. Nos. 254–58, 264, 276, and 284.) In light of the appointment of counsel to represent plaintiff in this case (*see* Doc. No. 272), those motions are deemed moot. To the extent plaintiff seeks consideration of any previously filed motions in limine, he must refile them through counsel.

2.      Other

a.      Trial Briefs

The parties are relieved of their obligation under Local Rule 285 to file a trial brief.  If the parties wish to submit a trial brief, they must do so on or before **August 16, 2016**.

b.      Verdict Form

The court will prepare the verdict form, which the parties will have the opportunity to review on the morning of trial.  If the parties wish to submit a proposed verdict form, they must do so on or before **August 16, 2016**.

c.      Jury Instructions

The court will prepare the jury instructions, which the parties will have the opportunity to review on the morning of trial.  Defendant shall file proposed jury instructions as provided in Local Rule 163 on or before **August 16, 2016**.  Plaintiff is not required to file proposed jury instructions but if he wishes to do so, he must file them on or before **August 16, 2016**.

The parties shall use Ninth Circuit Model Civil Jury Instructions to the extent possible. Ninth Circuit Model Jury Instructions SHALL be used where the subject of the instruction is covered by a model instruction.  Otherwise, BAJI or CACI instructions SHALL be used where the subject of the instruction is covered by BAJI or CACI.  All instructions shall be short, concise, understandable, and neutral and accurate statements of the law.  Argumentative or formula instructions will not be given and must not be submitted.  Quotations from legal authorities without reference to the issues at hand are unacceptable.

The parties shall, by italics or underlining, designate any modification of instructions from statutory or case authority, or any pattern or form instruction, such as the Ninth Circuit Model Jury Instructions, BAJI, CACI, or any other source of pattern instructions.  The parties must specifically state the modification made to the original form instruction and the legal authority supporting the modification.

The court will not accept a mere list of numbers of form instructions from the Ninth Circuit Model Jury Instructions, CACI, BAJI, or other instruction forms.  The proposed jury instructions must be in the form and sequence which the parties desire to be given to the jury.  All

15

blanks to form instructions must be completed.  Irrelevant or unnecessary portions of form instructions must be omitted.

All jury instructions shall indicate the party submitting the instruction (e.g., plaintiff or defendant), the number of the proposed instruction in sequence, a brief title for the instruction describing the subject matter, the text of the instruction, and the legal authority supporting the instruction.  Defendant shall provide the court with a copy as well as a clean copy (without number, title or authority) of his proposed jury instructions via e-mail at: dadorders@caed.uscourts.gov.

### d.    Proposed Voir Dire

Proposed voir dire questions, if any, shall be filed on or before **August 16, 2016**, pursuant to Local Rule 162.1.

### e.    Statement of the Case

The parties may serve and file a non-argumentative, brief statement of the case which is suitable for reading to the jury at the outset of jury selection on or before **August 16, 2016**.  The court will consider the parties' statements but will draft its own statement.  The parties will be provided with the opportunity to review the court's prepared statement on the morning of trial.

### f.    Trial Exhibits

The original and two copies of all trial exhibits, along with exhibit lists, shall be submitted to Courtroom Deputy Renee Gaumnitz no later than **August 16, 2016**.  Plaintiff's exhibits shall be pre-marked with the prefix "PX" and numbered sequentially beginning with 100 (e.g., PX-100, PX-101, etc.).  Defendant's exhibits shall be pre-marked with the prefix "DX" and numbered sequentially beginning with 200 (e.g., DX-200, DX-201, etc.).

**The parties are required to meet and confer, by telephone or other means, to agree upon and identify their joint exhibits, if any.**  Joint exhibits shall be pre-marked with the prefix "JT" and numbered sequentially beginning with 1 (e.g., JT-1, JT-2, etc.), and defendant's counsel shall submit the original and two copies of the joint trial exhibits, with exhibit lists, no later than **August 16, 2016**.

/////

1    XXI.    Compliance with Pretrial Order

2           Strict compliance with this order and its requirements is mandatory.  The court will

3    strictly enforce the requirements of this pretrial order, and counsel and parties are subject to

4    sanctions for failure to fully comply with this order and its requirements.  The court will modify

5    the pretrial order "only to prevent manifest injustice."  Fed. R. Civ. P. 16(e).  The court

6    admonishes the parties and counsel to obey the Federal Rules of Civil Procedure and the court's

7    Local Rules and orders.  Failure to do so will subject the parties and/or counsel to sanctions as the

8    court deems appropriate.

9    IT IS SO ORDERED.

10   Dated:   **June 28, 2016**                        _____

11                                                      UNITED STATES DISTRICT JUDGE

17