UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC WHEELER,<br><br>        Plaintiff,<br><br>   v.<br><br>BYRON MUI,<br><br>        Defendant. | No. 1:12-cv-00861-DAD-DLB<br><br>ORDER REGARDING DEFENDANT'S MOTIONS IN LIMINE<br><br>(Doc. Nos. 280, 304)<br><br>ORDER VACATING TRIAL DATE AND REOPENING DISCOVERY ON THE LIMITED ISSUE OF WHETHER DEFENDANT ACTED UNDER COLOR OF LAW<br><br>(Doc. No. 309)<br><br>ORDER DENYING AS MOOT STIPULATION TO EXTEND TIME TO FILE PRETRIAL MATERIALS<br><br>(Doc. No. 313) |

    This matter came before the court on defendant Byron Mui's motions in limine (Doc. Nos. 280, 304) and motion to bifurcate for trial the issue of whether defendant acted under color of state law. (Doc. No. 309.) A hearing on these motions was held on August 15, 2016. Attorney Thomas P. Feher appeared on behalf of defendant. Attorneys Mordecai D. Boone and Daniel H. Solomon appeared on behalf of plaintiff.

1

1        DEFENDANT'S MOTIONS IN LIMINE

2        Having considered the parties' briefs and oral arguments, the court ruled with respect to

3   defendant's motions in limine (MILs) (Doc. Nos. 280, 304) as follows:

4        1.  MIL No. 1: Granted in part and denied in part.

5        2.  MIL No. 2: Denied.

6        3.  MIL No. 3: Granted as unopposed.

7        4.  MIL No. 4: Granted as unopposed.

8        5.  MIL No. 5: Granted as unopposed.

9        6.  MIL No. 6: Denied.

10       7.  MIL No. 7: Denied.

11       8.  MIL No. 8: Granted.

12       9.  MIL No. 9: Granted as unopposed.

13       10. MIL No. 10: Granted in part and denied in part.

14             MOTION TO BIRFURCATE

15       In addition, defendant Mui moved to bifurcate the trial of this matter so that the court may first address the issue of whether the defendant acted under color of state law.  (Doc. No. 309.) Defense counsel states that, at defendant Mui's August 4, 2016 deposition, he provided testimony establishing that he was not acting under color of state law for purposes of liability under 42 U.S.C. § 1983.  (*Id.* at 2.)  Thus, defendant argues, a determination of this narrow issue may be dispositive of plaintiff's sole remaining claim in this action brought under 42 U.S.C. § 1983.  (*Id.* at 4.)  Plaintiff contends that prior to defendant's deposition, defense counsel had never disputed that defendant acted under color of state law in connection with the pending claim.  (Doc. No. 311 at 3–4.)  At the motions in limine hearing plaintiff's counsel requested that defendant be precluded from asserting such an affirmative defense, or in the alternative, that this court continue the trial to allow for additional discovery with respect to this issue.[1]  (*Id.* at 5.)

---

[1] Counsel suggested, for instance, that the deposition of the person most knowledgeable from the group that defendant Mui provided the medical services in question through would be necessary at the very least.

The court agrees that prior to defendant's instant motion to bifurcate, there was no indication that defendant intended to dispute whether he acted under color of state law. In his answer to plaintiff's complaint, defendant Mui alleged in part that he was immune from liability under the Eleventh Amendment. (Doc. No. 148 at 9.) Defendant did not deny he acted under color of state law. Nor did defendant move for summary judgment in his favor on this issue. (*See* Doc. No. 179.) Furthermore, neither party indicated in its final pretrial statement that the issue of whether defendant Mui acted under color of state law was disputed as a matter of fact or law. (*See* Doc. Nos. 253, 261, 269, 301.) Nevertheless, defendant now raises an issue that was never fully examined during discovery.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. A plaintiff proceeding under this statute must allege and ultimately prove that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The "under color of state law" requirement is an essential element of a § 1983 action. *Id.* Thus, contrary to plaintiff's argument, defendant need not affirmatively plead that he was not acting under color of state law. It is the plaintiff's burden to prove that defendant was acting under color of state law when he deprived plaintiff of his federal rights. *Lee v. Katz*, 276 F.3d 550, 553–54 (9th Cir. 2002).

In light of the court's discussion with the parties at the hearing on this matter, it appears neither party was aware of this potential issue prior to defendant's August 4, 2016 deposition. Therefore, the court reluctantly but finding that good cause exists, concludes that a brief continuance and reopening of discovery is appropriate. Accordingly, for the reasons set forth above:

1. The jury trial in this matter, currently set for August 23, 2016, is vacated;

/////

3

2. Discovery is reopened for a period of sixty days from the date of this order with respect to the limited issue of whether defendant Mui acted under color of law;

3. Counsel is directed to contact Courtroom Deputy Renee Gaumnitz within fourteen days of the date of this order to cooperate in the scheduling of a new trial date;

4. All remaining pending motions and deadlines, including plaintiff's pending motions in limine and trial-related deadlines, shall be continued and rescheduled following the setting of a new trial date; and

5. The parties' stipulation to extend time to file pretrial materials (Doc. No. 313) is denied as having been rendered moot by this order.

IT IS SO ORDERED.

Dated:   **August 16, 2016**                                    /s/ Dale A. Drozd
                                                                                UNITED STATES DISTRICT JUDGE