1

```
 1                  UNITED STATES DISTRICT COURT

 2                 EASTERN DISTRICT OF CALIFORNIA

 3   ERIC WHEELER,              : Case No. 1:12-cv-00861-DAD-GSA

 4        Plaintiff,            :     Fresno, California
                                     Monday, October 31, 2016
 5           v.                 :     2:42 p.m.

 6   KATHLEEN ALISON, ET AL.,   :   TELEPHONIC STATUS CONFERENCE

 7        Defendants.           :

 8   : : : : : : : : : : : : : : : :

 9
                       TRANSCRIPT OF PROCEEDINGS
10            BEFORE THE HONORABLE DALE A. DROZD,
                  UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

13   For the Plaintiff:         Dentons US LLP
                                BY:  DANIEL H. SOLOMON, ESQ.
14                              One Market Plaza, 24th Floor
                                San Francisco, CA  94105
15
     For Defendant, Byron Mui:  LeBeau – Thelen, LLP
16                              BY:  THOMAS P. FEHER, ESQ.
                                5001 E. Commercenter Drive, #300
17                              Bakersfield, CA  93309

18

19   Court Recorder:           JAMI DEAN

20

21   Transcript prepared by:   JANICE RUSSELL TRANSCRIPTS
                                1418 Red Fox Circle
22                              Severance, CO  80550
                                (757) 422-9089
23                              trussell31@tdsmail.com

24

     Proceedings recorded by electronic sound recording; transcript
25   produced by transcription service.
```

```
 1        FRESNO, CALIFORNIA, MONDAY, OCTOBER 31, 2016, 2:42 P.M.

 2            THE COURTROOM DEPUTY:  Court is now in session before

 3   the Honorable Dale A. Drozd.

 4            Case No. 12-cv-00861, Eric Wheeler versus Byron Mui.

 5            THE COURT:  And, Counsel, please state your

 6   appearances, first beginning with plaintiff's counsel.

 7            MR. SOLOMON:  Good afternoon, Your Honor.  This is

 8   Daniel Solomon for plaintiff.

 9            MR. FEHER:  Good afternoon, Your Honor.  Tom Feher

10   appearing on behalf of Dr. Mui.

11            THE COURT:  And the limited discovery time period that

12   I reopened, for which I reopened discovery closed on October

13   17th and that's why we set this telephonic status conference to

14   convene with counsel following the close of that discovery

15   period prior to trial.

16            And I understand that you have consulted with my

17   courtroom deputy and that there's an indication that both sides

18   believe you're prepared to go to trial March 3rd?

19            MR. FEHER:  I believe it was March 7th.  Let me double

20   check, Your Honor.  This is Tom Feher.

21            THE COURT:  You're probably right.  March 7th.

22            MR. SOLOMON:  I have March 7th, as well.

23            THE COURT:  March 7th would be a Monday.

24            MR. FEHER:  I think it's a Tuesday, Your Honor.

25            THE COURT:  I'm sorry.  I'm looking at the wrong
```

1  calendar.

2           Yes.  That would, that would be even more correct.

3  'Cause starting on a Monday didn't make much sense.  Yes.

4  March 7th.  And that's still a good date for the Court, I've

5  been told, and that's when you folks both agree you'll be ready

6  to proceed?

7           MR. FEHER:  Yes, Your Honor.

8           MR. SOLOMON:  Yes.

9           MR. FEHER:  This is Tom Feher, again.

10          THE COURT:  Okay.  And is that -- let's see.  March

11 7th.   That's the first Tuesday of March.

12          So that would be a trial day beginning at 1:00 p.m.

13 because I have civil law and motion in the morning.

14          So March 7th at 1:00 p.m., this courtroom.

15          Now that the extended discovery period has closed,

16 what is the status of the under color of law issue that gave

17 rise to the reopening of discovery?  What's -- what's the --

18 what's the defense's intention in connection with that?

19          MR. FEHER:  Well, Your Honor, there was no additional

20 discovery that was actually completed.  There was a notice of

21 deposition within that for the October 17th deadline for Ross,

22 which was a matter that was litigated and disputed as to the

23 scope of that.  There was another deposition subpoena for, I

24 believe, October 3, which was within that time frame for the

25 PMK of the contracting entity.  That did not go forward.  There

1  was an issue with respect to the scope of that discovery.  The

2  subpoenaed party thought the scope was larger than it should

3  be.  We, we also felt it was larger than it should be.

4        Counsel for the plaintiff requested to move that date

5  back a week or two.  I, I suspect -- Mr. Solomon's on the line

6  so he can probably say better -- but I suspect part of it is

7  Mr. Solomon had a, was getting married so there was some

8  accommodations due for that.

9        And I think Mr. Boone had some trial pending.

10        So there were dates that were proposed right around

11  October 16th or even a week or two after that to complete those

12  matters and eventually go  forward.  And we -- they, they never

13  occurred.

14        So from our, our perspect, from the defense's

15  perspective, that, which we put before the Court, still remains

16  the same, that the color of law issue, we believe, remains as a

17  viable defense to the matter.

18        THE COURT:  And how do --

19        MR. SOLOMON:  I will add -- may I, Your Honor?

20        THE COURT:  Who's this?

21        MR. SOLOMON:  This is Mr. Solomon.

22        THE COURT:  Yes.

23        MR. SOLOMON:  Yes.

24        So I -- Mr. Feher's synopsis is accurate.  I, I would

25  add that we have been working informally.  Where no formal

5

1   stipulation has been entered, it's been kind of tacitly agreed

2   upon, I think, by all interested parties and these potential

3   witnesses as well that we would continue past the discovery

4   deadline to work out a date and, and narrow the scope.  And as

5   it stands now, we're, we're in the process of -- we've narrowed

6   it down to the, the one company aside from Physician Assistant

7   Ross that we look to depose.  And, and counsel for that company

8   is revising the, the scope of the documents and questions that

9   we identified in the subpoena.  Once he does so, that will be

10  circulated and then I, I believe a date is -- we're in the

11  process of establishing a date in early December.

12        So with -- if the deposition were to proceed at that

13  point, there would be no need to adjust the trial date or

14  anything along those lines.  It's just simply been tough to

15  initially identify the proper party, given Dr. Mui's inability

16  to identify who, Your Honor, who he contracted with.  So it

17  took a lot of legwork upfront and now that we have that, it's

18  been tough to nail down a time that works for everyone.

19        So that's really led us to the point we're at today.

20        THE COURT:  Well, you folks can agree to do anything

21  you want outside the close of discovery, just not, not

22  enforceable by me unless you modify the discovery cut-off date.

23  I haven't been asked to modify that, so I don't intend to.

24        My, my position, I think, Mr. Feher, is the, the time

25  for filing dispositive motions came and went.  So I suppose

6

 1  you'll be arguing to the jury as to whether or not plaintiff

 2  has met their burden of establishing that your client acted

 3  under color of state law.

 4       My main concern is whether, based upon anything you

 5  folks do, whether I need to modify the final pre-trial order

 6  that's already been issued in this case, that is, whether

 7  there's any additional disputed facts that don't appear in the

 8  final pre-trial order that have now come to light or that

 9  there's any additional exhibits or witnesses.

10       And so, you know, as far as I'm concerned right now,

11  we're going to trial March 7th.  If anybody thinks that the

12  final pre-trial order needs to be amended, I will expect that

13  you either submit a stipulation proposing that the pre-trial

14  order be amended or that you set, make a, or that you file a

15  request to amend the pre-trial order based upon information

16  discovered after the final pre-trial conference.  But I'm -- I

17  don't think there's anything else for me to do at this point.

18       MR. FEHER:  I -- Tom -- this is Tom Feher, again, Your

19  Honor.

20       I think as far as the pre-trial order there are --

21  there -- I suspect there will be issues that are not covered by

22  it, in light of the intervening events.

23       As far as the motion for summary judgment, it was our

24  hope as of the, whenever that discovery was closed -- and the

25  Court has indicated it's closed as far as the Court's record at

```
 1   this point -- to seek to file a motion for summary judgment and

 2   address the deadlines for that to make, make the use of

 3   everyone's time more efficient.  But I guess I would have to

 4   seek that, I guess, by leave unless the Court is otherwise

 5   inclined to order it.

 6          THE COURT:  I'm not inclined to order anything.

 7   Nobody's asked me to do anything.

 8          Mr. Boone or Mr. Solomon haven't asked me --

 9          MR. SOLOMON:  Yes.

10          THE COURT:  -- to extend the discovery cut-off dates

11   or haven't proposed a stipulation and proposed order.  And you

12   have not asked me to reopen law and motion for purposes of a

13   summary judgment motion.

14          If you all agree to certain things, you know, maybe,

15   maybe, maybe I'd be willing to sign off on stipulations.  If

16   you're not in agreement, frankly, I'm not inclined to change

17   anything.  We're going to trial March 7th.

18          MR. SOLOMON:  Very well, Your Honor.

19          MR. FEHER:  Thank you.

20          THE COURT:  So either reach some agreement that brings

21   some sense and finality to how we're proceeding or proceed at

22   your own risk.

23          MR. FEHER:  Very good, Your Honor.

24          As far as a pre-trial conference, does the Court still

25   intend to schedule one of those?
```

1          THE COURT:  I've issued a final pre-trial order.

2          MR. FEHER:  I understand, but when we had done the

3   last pre-trial conference it actually got interrupted; in other

4   words, things were not finalized on each of the agenda items

5   because of the pending matter that we dealt with on discovery.

6          THE COURT:  Oh.  I -- you -- thanks for reminding me.

7   I'm ready to rule from the bench on plaintiff's motions for in

8   limine.  I think that's the aspect that got truncated when

9   everything went sideways.  I'm ready to rule on the papers on

10  that.  I don't think there's anything else for me to do.

11         MR. FEHER:  Yeah.  And I -- some of the intervening

12  matters may, may affect those, those pending pleadings as it

13  relates, but I, I recognize that is an absent item that has not

14  been ruled on, Your Honor.

15         THE COURT:  Plaintiff's  motion to preclude reference

16  to plaintiff's conviction, that motion in limine granted in

17  part, denied in part.  The prior convictions, they're general

18  in nature.  They're punishment as a felony offense and the

19  aggregate punishment imposed can be elicited.  No additional

20  facts may be elicited.

21         Motion to preclude reference to plaintiff's sentence

22  during the liability phase, motion in limine, Plaintiff's

23  Motion in Limine No. 2, the motion is denied.  The reference to

24  the length of sentence, I'll allow it only to the aggregate

25  sentence imposed as to plaintiff's convictions.

 1              Motion to preclude -- No. 3, motion to preclude

 2  reference to plaintiff's disciplinary record granted.

 3              No. 4, to preclude reference to plaintiff's grievances

 4  or other litigation granted.

 5              5, motion to exclude references to persons no longer

 6  parties granted.

 7              6, motion to preclude what the plaintiff's counsel

 8  phrase as cumulative expert testimony, that is, to, the motion

 9  not to allow both of defendant's experts to testify, is denied.

10              Motion to preclude reference to source of damages, No.

11  7, granted.

12              No. 8, plaintiff's motion to preclude reference to

13  availability of attorney's fees granted.

14              9, motion to preclude reference to the nature of

15  plaintiff's representation granted.

16              10, motion to allow introduction of medical records,

17  I, I do encourage the parties to reach a agreement with respect

18  to the admissibility of records generated by Mercy Hospital.

19  And the indication is that you have done so.

20              So I at least conditionally grant No. 10.

21              No. 11, plaintiff's motion to allow plaintiff to

22  appear in court in civilian clothing and without restraints,

23  that's granted in part, deferred in part.  I'll grant the

24  motion to the extent it requests permission for Mr. Wheeler to

25  be dressed in street clothes so long as those clothes are

1   provided by plaintiff.  That, that aspect of the motion is

2   granted.

3           With respect to seeking that he not be in any

4   restraints during trial, I'll defer that issue until CDCR

5   security personnel are present in the courtroom for me to

6   consult with on the first day of trial.

7           I think the final pre-trial order already talks about

8   motions in, any, any further motions in limine.  As I indicated

9   before, I don't encourage those.  If you do file any additional

10  motions in limine based upon any amendments to the final pre-

11  trial order or additional evidence that's been, that may be

12  discovered, you can go ahead and file those motions and bring

13  it to my attention.  I may or may not schedule  any additional

14  hearing.  If I don't, I'll address it on the, on the afternoon,

15  the first afternoon of trial.

16          But I want to go.  We need to end this case.  So, I

17  mean, unless you folks reach a stipulation to, to reopen law

18  and motion, I'm, I'm not inclined to -- to -- I mean, the time

19  for law and motion and, in particular, the motion, a motion for

20  summary judgment based upon a claim that the defendant, that

21  there's no evidence the defendant acted under color of state

22  law, the time for the bringing of that motion passed at this

23  point probably over a year ago.  I'm not, I'm not inclined to

24  resolve that motion.  You can argue to the jury.

25          And on discovery, either work it out or bring it back

```
 1   to me.  But nobody's asked me to modify any discovery or law

 2   and motion cutoffs and until they do -- I'm, I'm not ruling on

 3   them -- but you can tell from my frame of mind that, you know,

 4   enough, enough is enough.  Time to go.

 5             Anything else?

 6             MR. SOLOMON:  Not from plaintiff, Your Honor.

 7             MR. FEHER:  Thank you, Your Honor.

 8             THE COURT:  Thank you.

 9             Court stands in recess.

10        (Proceedings concluded at 3:00 p.m.)

11

12

13

14                          CERTIFICATE

15             I, court approved transcriber, certify that the

16   foregoing is a correct transcript from the official electronic

17   sound recording of the proceedings in the above-entitled

18   matter.

19   /s/ Janice Russell                    December 5, 2016

20   Janice Russell, Transcriber                  Date

21

22

23

24

25
```