**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 8 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC CLARK WHEELER,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>KATHLEEN ALISON, Warden at CSATF; et al.,<br><br>        Defendants-Appellees. | No.   17-15514<br><br>D.C. No.<br>1:12-cv-00861-DAD-GSA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted August 5, 2019
San Francisco, California

Before: SILER,** HAWKINS, and NGUYEN, Circuit Judges.

Plaintiff-Appellant Wheeler, a former inmate at the California Substance Abuse Treatment Facility and State Prison, appeals from the district court's grant of summary judgment in his 42 U.S.C. § 1983 action alleging various Eighth

---

      *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      **    The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Amendment violations. We affirm.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We review *de novo* a district court's grant of summary judgment, *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013), and for abuse of discretion a district court's denial of a motion to compel discovery. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). We review a district court's formulation of questions on a special verdict form for abuse of discretion. *Saman v. Robbins*, 173 F.3d 1150, 1155 (9th Cir. 1999).

The district court properly granted summary judgment on Wheeler's excessive force claim. The central inquiry of such a claim is: "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Wheeler failed to raise a triable dispute as to whether, objectively, the prison guards' conduct violated "contemporary standards of decency," and subjectively, that the prison guards acted with "a sufficiently culpable state of mind." *Id.* at 8 (citation omitted). Here, the use of force was reasonable to bring the situation under control, because Wheeler failed to comply with direct orders to lie on the ground. Furthermore, the district court did not abuse its discretion in finding that it was undisputed that the officers were unaware of Wheeler's Post-Traumatic Stress Disorder diagnosis.

The district court properly granted summary judgment on Wheeler's failure to protect claim, because Wheeler failed to raise a triable dispute as to whether Warden Alison "[knew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The district court did not err in finding that Alison was not on notice of a substantial risk of harm to Wheeler; moreover, even if such a risk was present, Alison was proactive in addressing such risk by creating two additional custody positions for Wheeler's facility. Furthermore, in a § 1983 claim, prison officials in a supervisory role are not subject to liability for the acts of lower officials based on a respondeat superior or vicarious liability theory. *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013).

The district court properly dismissed Wheeler's Eighth Amendment claims against PA Ross and Drs. Neubarth and Ancheta, because Wheeler failed to raise a genuine dispute of material fact as to whether these defendants were deliberately indifferent in treating his conditions. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) ("A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment.").

The district court did not abuse its discretion in denying Wheeler's motions to compel discovery because he failed to show that he was prejudiced by the rulings. "A district court abuses its discretion only . . . if the movant can show how

allowing additional discovery would have precluded summary judgment." *Panatronic USA v. AT&T Corp.*, 287 F.3d 840, 846 (9th Cir. 2002) (internal quotation marks and citation omitted).

The district court did not abuse its discretion in its formulation of Question 1 of the Special Verdict Form.  First, Wheeler waived the issue because his counsel was specifically asked if he had any objection to the special verdict form, and responded in the negative.  *Claiborne v. Blauser*, 934 F.3d 885, 893 (9th Cir. 2019).  Regardless, the question adequately focused the jury's attention on the injury that Wheeler claims Dr. Mui was deliberately indifferent to.  *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1475 (9th Cir. 1995) (explaining that district courts have "broad discretion regarding the precise wording of the instructions and interrogatories" so long as "the issues are fairly presented" (quoting *Carvalho v. Raybestos-Manhattan Inc.*, 794 F.2d 454, 455 (9th Cir. 1986))).

**AFFIRMED.**